■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIANE M. KARDUM, Respondent. — Appeal from an order of the County Court of Greene County (Fromer, J.), entered February 23, 1981, which granted defendant's motion to dismiss the indictment. Defendant was arrested on July 4, 1980. She was indicted on July 10, 1980 and charged with assault in the first degree and endangering the welfare of a child. A notice of intent to offer evidence of oral statements made by defendant to certain police officers was served on defendant and her subsequent motion to prohibit the District Attorney from using the statements on the ground that the notice was deficient was denied. In August, 1980, defendant served a demand to produce pursuant to CPL 240.20, seeking discovery of the oral statements allegedly made by her. Although the People informed defendant that the statements would be provided after the Grand Jury minutes were transcribed, they were never delivered to defendant. In January, 1981, defendant made the instant motion to dismiss the indictment on speedy trial grounds maintaining that more than six months had passed since commencement of the criminal action and the People were not ready for trial and that, therefore, dismissal was required pursuant to CPL 30.30 (subd 1, par [a]). The motion was granted and this appeal ensued. In the present case, defendant's motion for dismissal of the indictment was properly granted if the People were not ready for trial within six months of the commencement of the criminal action against her (CPL 30.30, subd 1, par [a]) unless sufficient time is excludable to shorten the period of delay chargeable to the People to six months or less (CPL 30.30, subd 4). The record reveals no proof that the People ever communicated readiness for trial to the court and, consequently, it must be taken that the People failed to establish readiness for trial (*People v Brothers*, 50 NY2d 413, 416; *People v Hamilton*, 46 NY2d 932, 933). The time period in question, therefore, runs from the time the criminal action was commenced against defendant until the date she made her motion to dismiss the indictment. Exactly when the motion to dismiss was made is not clear in the record. It is clear from the record, however, that a period of time not chargeable to the People is the period for resolution of defendant's motion to prohibit the People from using the alleged oral statements made by defendant (CPL 30.30, subd 4, par [a]). The exact amount of time cannot be ascertained on the present record. A reasonable period should also be excluded due to defendant's demand to produce, but just how much of said delay is reasonable also cannot be determined on the present record. Since it is evident that certain excludable periods of time are presented on the record, we are of the view that a remittal is necessary for further development of the record in order that the exact periods of delay not chargeable to the People can be ascertained. Decision withheld, and matter remitted to the County Court of

Greene County for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Mikoll, Weiss and Herlihy, JJ., concur.