█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIANE M. KARDUM, Respondent. — Appeal from an order of the County Court of Greene County (Fromer, J.), entered February 23, 1981, which granted defendant's motion to dismiss the indictment. The relevant facts in this case are set forth in *People v Kardum* (84 AD2d 663) wherein this court withheld decision and remitted the matter for further development of the record so that the exact periods of delay not chargeable to the People on a motion to dismiss pursuant to CPL 30.30 (subd 1, par [a]) could be ascertained. In order to determine such periods of delay, certain specific dates are required such as the date defendant's motion to dismiss the indictment was made and the date defendant's motion to prohibit the People from using defendant's alleged oral statements was made (see *People v Gates,* 70 AD2d 734). Additional proof was also necessary so that a determination could be made as to a reasonable period of delay chargeable to defendant due to her demand to produce (*People v Kardum, supra*). On

remittal, however, no additional proof was presented in these relevant areas and it was suggested by the People that any necessary facts could be discovered by the court through a search of its own records. Consequently, even after remittal, this court cannot ascertain the exact periods of delay chargeable to defendant. Defendant has shown the existence of a delay greater than six months and, therefore, the burden of proving that certain periods within that time should be excluded falls upon the People (*People v Berkowitz,* 50 NY2d 333, 349). The People have failed in meeting this burden and we can find no justification for a second remittal for further amplification. Accordingly, the order granting defendant's motion to dismiss the indictment must be affirmed. Order affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.