■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROXANNE M. MARSH, Respondent.—Yesawich, Jr., J. Appeal from an order of the County Court of St. Lawrence County (Nelson, J.), entered April 4, 1986, which granted defendant's motion to dismiss the indictment.

On January 21, 1985, a felony complaint charging grand larceny was filed against defendant and she was arrested the following day. This appeal centers on procedural events which transpired subsequent to the arrest.

Defendant was arraigned July 8, 1985, at which time the People announced their readiness for trial. Thereafter, defendant filed an omnibus motion which sought dismissal of the indictment (No. 85-71) on the grounds of insufficiency of the

evidence and inadequate instructions to the Grand Jury by the Assistant District Attorney. That motion was granted with leave to the People to re-present the charge to another Grand Jury. No appeal was taken from that order.

A second indictment (No. 85-163), alleging the same facts and charging the same crime, was filed December 20, 1985. Defendant was arraigned on this indictment on January 7, 1986, at which time the People again stated on the record they were ready for trial. Another omnibus motion was filed, this one citing the People's noncompliance with the speedy trial limitations of CPL 30.30. That motion was granted and indictment No. 85-163 was dismissed. From the order entered thereon dismissing that indictment, the People filed a timely notice of appeal; they seek review of the dismissal of both indictments.

Consideration of the merits of their argument as to the dismissal of the first indictment is foreclosed by CPL 460.10 (1) (a) and (c). Although CPL 450.20 invests the People with statutory authority to appeal the dismissal of an indictment, CPL 460.10 (1) (c) mandates service of the notice of appeal within 30 days after service of a copy of the order sought to be reviewed. Since no exception to or possibility of extension of that time constraint is countenanced by the statute (see, *People v Voutsinas,* 62 AD2d 465, 466, *appeal dismissed* 47 NY2d 798) and the People have not complied with its terms, an appeal from that portion of County Court's ruling dismissing the first indictment is untimely and must be dismissed. And contrary to the People's assertion, review of this issue was neither preserved nor authorized by CPL 210.45 (9). That section, which on its face is limited to the matter of detention, has no relevance to the issue of the timeliness of the People's appeal (see, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 210.45, at 185).

Nor do we find merit in the People's challenge to County Court's decision to dismiss indictment No. 85-163 on the ground that defendant's statutory speedy trial rights were violated (CPL 30.30). When the offense is that of a felony, CPL 30.30 (1) (a) requires that a motion to dismiss be granted where the People are not ready for trial within six months of the commencement of the criminal action. The action herein was commenced January 21, 1985 with the filing of the felony complaint (see, CPL 100.05). It has been authoritatively observed that in circumstances, as here, where two accusatory instruments are involved, the six-month time period "begins to run when the first * * * is filed, and continues to run

during any gaps in the prosecution when, for instance, the original instrument is dismissed and another one filed at a later date" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 1.20, at 27; *see, People v Lomax,* 50 NY2d 351; *see also, People v Sinistaj,* 67 NY2d 236, 239-240).

Specifically, the People contend that in granting defendant's CPL 30.30 motion, County Court erred in two respects: that it failed to recognize that the People's declaration of readiness made July 8, 1985, without more, satisfied the requirements of CPL 30.30 and that, in any event, the period of time between the dismissal of the first indictment and arraignment on the second one was excludable.

CPL 30.30 is directed at insuring readiness in a criminal action, not readiness on a particular accusatory instrument. Thus, where there are successive indictments involving the same crimes, the People's readiness on the original indictment, made known within the statutory guidelines, satisfies their obligation to answer ready on the subsequent indictment *(see, People v Heller,* 120 AD2d 612, 613, *lv denied* 68 NY2d 757). That initial answer of readiness does not, however, abrogate defendant's CPL 30.30 rights with respect to post-readiness delay properly chargeable to the People; it merely preserves the unexpired portion of the readiness period that existed when the People originally declared their readiness *(People v Anderson,* 66 NY2d 529, 536-537). While, as noted in *Anderson,* not every postreadiness default by the People justifies dismissal of the criminal action *(supra,* at 537), those which are "inconsistent with the prosecution's continued readiness" can provide that justification *(supra,* at 543). What is to be focused upon is whether the alleged prosecutorial delay is incompatible with the People's ability to proceed to trial *(see, People v Greenwaldt,* 103 AD2d 933).

Here, neither party disputes that 167 days had elapsed between the commencement of this action on January 21, 1985 and July 8, 1985, when the People initially declared their readiness to try the case. Giving the People the benefit of their argument that the time lapse between the order of November 8, 1985, which dismissed the first indictment, and December 20, 1985, when the second indictment was handed up, was excludable *(see,* CPL 30.30 [4] [a]), no reason appears why the 18-day period which then elapsed before defendant was arraigned on that indictment on January 7, 1986 should not be charged to the People, for until arraigned, the People simply could not try defendant. The total delay of 185 days

was, by any calculation of the months involved, more than six months. Since this is not a situation where it can be said that the People were indeed able to proceed to trial and their act or omission only impinged upon defendant's ability to do so, making resort to alternative remedies such as a continuance or an adjournment available to the defense appropriate *(see, People v Anderson, supra,* at 537, 543), but is one where the granting of such relief would violate defendant's CPL 30.30 rights, we conclude that the indictment was properly dismissed.

Order affirmed. Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., dissents and votes to reverse in a memorandum. Kane, J. P. (dissenting). The record indicates that the People were ready for trial at all times after their statement of readiness on July 8, 1985 *(see, People v Heller,* 120 AD2d 612, *lv denied* 68 NY2d 757). Although defendant, who has been released on her own recognizance throughout the proceedings, was not arraigned until some 18 days after her new indictment, such period does not entitle defendant to a dismissal of the indictment. The People established their readiness throughout the period in question and any delay was attributable to court scheduling during the holiday season (i.e., Dec. 20 to Jan. 7) *(see, People v Giordano,* 81 AD2d 1003, *affd* 56 NY2d 524). Since the People demonstrated their readiness, the facts of this case are analogous to *Giordano* and I would, accordingly, reverse County Court's order and reinstate the indictment.