(February 23, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TRAFICANTE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 20, 1986, upon a verdict convicting defendant of the crime of escape in the first degree.

The relevant facts of the instant case are set forth in our previous memorandum (143 AD2d 443), wherein we withheld decision and remitted the matter for specific findings as to the time periods chargeable to the People in determining whether defendant's statutory speedy trial rights were violated (CPL 30.30). Following the submission of affidavits, County Court found, pursuant to the stipulation of the People, that the 153-day period from the filing of the felony complaint on April 19, 1985 to the People's September 19, 1985 statement of readiness was chargeable to the People. It further found that the period from September 20, 1985 to dismissal of the initial indictment on February 7, 1986 was not chargeable to the People; that the period from February 8, 1986 to the commencement of Grand Jury proceedings on March 6, 1986 was chargeable to the People; that the period from March 6, 1986 to March 27, 1986, when the second indictment was handed up, was not chargeable to the People; and that the period from March 28, 1986 to the People's statement of readiness at the April 24, 1986 arraignment was also not chargeable to the People. In all, County Court charged the People with slightly less than the over-all speedy trial period of 183 days, and consequently found that defendant had not been denied the right to a speedy trial.

Giving the People the benefit of their assertion that the period of time that elapsed while the Grand Jury was in session during March 1986 was excludable, we will examine the other disputed time periods. Initially, we agree with County Court that the 27-day period from the dismissal of the

indictment on February 7, 1986 to March 6, 1986 must be charged to the People. Since defendant showed the existence of an unexcused delay longer than six months, the burden was on the People to establish "the particular dates they claim should be excluded and the factual and statutory basis for each exclusion" *(People v Santos,* 68 NY2d 859, 861; *see, People v Berkowitz,* 50 NY2d 333, 349; *People v Kardum,* 89 AD2d 644, 645). On remittal, the People offered no factual basis for the exclusion of this time period.

We disagree, however, with County Court's conclusion that the 27-day period from March 28, 1986 to the April 24, 1986 arraignment was not chargeable to the People. Although, upon an appropriate showing, the People will be entitled to a reasonable period in which to arrange for defendant's arraignment and secure his presence *(see, People v Baker,* 131 AD2d 491, 492, *lv denied* 70 NY2d 709; *People v Pappas,* 128 AD2d 556, 558 [10-day period]; *People v Brown,* 113 AD2d 812, 813, *lv denied* 67 NY2d 649 [10-day period]; *People v Giordano,* 81 AD2d 1003, *affd* 56 NY2d 524 [defendant out of jurisdiction and, by his own concession, not available for arraignment]), the conclusory assertion of an Assistant District Attorney that an immediate arraignment could not be held because defendant was incarcerated at Clinton Correctional Facility in Clinton County, requiring an order to produce and transportation, will not satisfy the People's burden *(see, People v Santos, supra).* Delay attributable to the detention of defendant in another county will be charged to the People unless the People exercise due diligence in producing him *(see, People v Wojciechowski,* 132 AD2d 586, 588). The People have made no showing of diligence and, on this record, we see no reason why the delay from the time the second indictment was handed up to arraignment of defendant thereon should not be charged to the People *(see, People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650).

We conclude that the People should have been charged with a total of 207 days, 24 days in excess of the statutory period. Thus, defendant was not accorded a speedy trial and his motion to dismiss the indictment should have been granted.

Judgment reversed, on the law, and indictment dismissed. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.