■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD P. MINER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered March 20, 1989, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and assault in the third degree.

Defendant was arrested during the early morning hours of February 15, 1988 on the basis of felony complaints charging him with rape, burglary and sodomy. The charges stemmed from an altercation between defendant and his estranged wife (hereinafter the victim) which had occurred the prior evening. According to the victim, defendant forced his way into her home, assaulted her, threatened her with a knife, and dragged her to the cellar where he raped her. Defendant then allegedly took the victim from her home and transported her in his vehicle to his residence, where he forced her to engage in oral sodomy and again raped her.

Following his arrest, defendant was subsequently released on bail and, on March 8, 1988, the case was presented to a Grand Jury. A five-count indictment was returned on July 15, 1988.* In January 1989, defendant moved for dismissal of the indictment on the grounds that his statutory and constitutional rights to a speedy trial had been violated. The District Attorney submitted an opposing affidavit and County Court

* The prosecution avers that the indictment was handed down July 18, 1988.

denied the motion without a hearing. Defendant's trial commenced on February 1, 1989. At the conclusion of the trial, the jury returned a verdict convicting defendant of attempted rape in the first degree and assault in the third degree. County Court sentenced defendant to a term of imprisonment of 4 to 12 years with respect to his conviction for attempted rape and to a one-year term for the assault conviction, both sentences to run concurrently. This appeal by defendant ensued.

Defendant's first point on appeal is that County Court erred in denying his motion to dismiss the indictment on speedy trial grounds. The affidavit of defendant's counsel submitted in support of the motion establishes that the statutory period began to run with the filing of the felony complaints on February 15, 1988 and that the prosecution did not serve its statement of readiness until December 19, 1988. The affidavit further acknowledges that defendant was allowed a period from August 2, 1988 to September 15, 1988 to file pretrial motions and that a decision was rendered on these motions on October 31, 1988. It is further averred that defendant was not responsible for the 11-month delay in bringing the case to trial. Thus, the moving papers sufficiently alleged an unexcused delay beyond the six-month period set forth in CPL 30.30, and the burden shifted to the People to show that time should be excluded (see, People v Santos, 68 NY2d 859, 861).

In its responding affidavit, the People established that the 90-day period from August 2, 1988 to October 31, 1988 was delay attributable to defendant's pretrial omnibus motions (CPL 30.30 [4] [a]); subtracting this time still leaves a period of 218 days remaining. The affidavit also avers "[t]hat the period of time from March 8, 1988 (the date of presentment) to July [15], 1988 (the date [the] Grand Jury reported) should not be counted against the people". In our view, because the responding affidavit failed to offer any factual basis whatsoever for excluding this significant period of delay, this time should remain chargeable to the People (People v Gruden, 42 NY2d 214, 217-218; cf., People v Traficante, 147 AD2d 843). It is well recognized that preindictment delay is not normally excludable since this phase of criminal prosecution is wholly under the control of the People and there is generally nothing a defendant can do to hinder the People in obtaining an indictment (see, People v Sturgis, 38 NY2d 625, 628; People v McCaffery, 78 AD2d 1003).

The People's averments which claim delay attributable to (1) the unavailability of a court date to promptly arraign

defendant on the indictment, (2) postindictment plea negotiations, and (3) the indictment of defendant on an unrelated case are sufficient, however, to raise a factual dispute concerning other potentially excludable periods (see, People v Santos, supra). Consequently, there must be a remittal for a hearing as to these matters only.

Turning next to defendant's claim that he was deprived of his constitutional right to a speedy trial, we conclude that based upon the circumstances in this case, there has been no violation of defendant's constitutional rights (see generally, People v Taranovich, 37 NY2d 442, 455).

Defendant's remaining contentions do not merit extended discussion. In our view, the People's proof was more than sufficient to establish a prima facie case of attempted rape in the first degree. Defendant's objections on appeal to County Court's charge on intent have not been preserved for our review, and we decline to reverse in the interest of justice. Finally, we disagree with defendant that his sentence is harsh and excessive.

Decision withheld, and matter remitted to the County Court of Essex County for a hearing and redetermination of defendant's motion to dismiss the indictment pursuant to CPL 30.30. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.