■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROLAND J. AUSLANDER, Respondent.—Levine, J. Appeal from an order of the County Court of Sullivan County (Hanofee, J.), entered January 8, 1990, which granted defendant's motion to dismiss the indictment.

In asserting that he was denied his statutory right to a speedy trial under CPL 30.30, defendant's moving affidavit established the following procedural history. Following defendant's failure to appear for sentencing on a drug conviction, he was indicted for bail jumping in the first degree on December 2, 1987. He was arrested February 1, 1988, arraigned the following day and the case was adjourned for him to obtain counsel. Defendant appeared with counsel on February 17, 1988. There was no further action on the case until the People filed a statement of readiness on July 26, 1988. Various pretrial motions were then made in August and September 1988, including a motion to dismiss the indictment. The latter motion was granted on December 22, 1988, with leave to resubmit the charge to the Grand Jury. A new indictment was handed up on January 26, 1988 and defendant was arraigned on that indictment on February 17, 1989. In aggregate, defendant's moving affidavit charged the prosecution with a delay of 284 days.

County Court ruled that the 160-day period from defendant's first appearance with counsel on February 17, 1988 to the People's filing of the statement of readiness on July 26, 1988 was chargeable to the People. The court additionally charged the People with the 35-day period from the December 22, 1988 dismissal of the original indictment to the reindictment of defendant on January 26, 1989, and the 22-day period from that date to defendant's subsequent arraignment on February 17, 1989. Thus, County Court concluded that the People were chargeable with an aggregate delay of 217 days, i.e., 34 days in excess of the statutory maximum under CPL 30.30, and accordingly dismissed the indictment. This appeal followed.

We affirm. Clearly, defendant's moving affidavit established a factual basis for charging the People with the delays identified and relied upon by County Court. The statutory period continued to run here despite the gap in the prosecution occasioned by dismissal of the original indictment and defendant's reindictment (see, People v Marsh, 127 AD2d 945, 946-947, lv denied 70 NY2d 650). Moreover, delays subsequent to a statement of readiness that are inconsistent with the prosecution's continued readiness are chargeable to the People (supra,

at 947). Delays due to a lack of diligence in effecting the arraignment of an incarcerated defendant are also chargeable to the prosecution (see, People v Traficante, 147 AD2d 843, 844). Unexplained delays in submitting a case to the Grand Jury and obtaining an indictment may also be attributed to the People (see, People v Miner, 162 AD2d 767, 768-769).

Because the defense made out a prima facie showing of a violation of CPL 30.30, the burden shifted to the People to establish a factual basis for excluding delay in excess of the six-month statutory limit (see, People v Santos, 68 NY2d 859, 861). It was incumbent upon the prosecution to make the requisite showing before County Court or otherwise suffer the granting of defendant's motion summarily (see, supra; see also, CPL 210.45 [4]). It necessarily follows that this court may not consider the additional matters which were added to the record on appeal by the prosecution but were never submitted to County Court in opposing defendant's motion nor otherwise appeared in the record of the proceedings for that court.

As to the 160-day period of delay following the first appearance of defense counsel on the original indictment, the only explanation offered in the People's opposing affidavit was that, in a discussion with counsel, it was agreed that the case had to be tried and it was then placed on the ready Trial Calendar. This was patently insufficient as an effective communication of readiness at that time (see, People v Kendzia, 64 NY2d 331, 337). Thus, County Court correctly charged that delay against the prosecution.

In our view, however, the District Attorney's opposing affidavit does explain why at least part of the delay between the second indictment and defendant's arraignment thereon was not the fault of the People. Therefore, while this showing was ineffective to exclude that 22-day period as a matter of law, it was sufficient to create a factual issue requiring a hearing (see, People v Santos, supra, at 861; People v Miner, supra). Even excluding that period does not change the result, however. As to the 35-day delay from dismissal of the first indictment to defendant's reindictment, the People's opposing affidavit states in purely conclusory fashion that the period "is excludable". Without any factual basis whatsoever submitted to justify excluding this significant period of delay, the entire period was properly charged to the People (see, People v Miner, supra). Accordingly, the aggregate delay attributable to the People as a matter of law exceeded the statutory period and County Court correctly dismissed the indictment.

Order affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.