OPINION OF THE COURT
Ira R. Globerman, J.
The novel question presented in this case is whether certificates of readiness served off-calendar will toll statutory *895 speedy trial time where the People are under court direction to announce their readiness, on notice to the defense, in open court. I hold that, under such circumstances, readiness for trial is not effectively communicated and speedy trial time continues to run.
The defendants, charged with criminal possession of a weapon (Penal Law § 265.02), move to dismiss the indictment for failure of the People to bring them to trial within the statutory period set forth in CPL 30.30 (1) (a). Defendant Castillo, also, moves to dismiss the indictment pursuant to CPL 30.20 and the United States and New York Constitutions. (US Const 14th Amend; NY Const, art I, § 6.) For the reasons which follow, the defendants’ motions to dismiss the indictment pursuant to CPL 30.30 (1) (a) are granted. Defendant Castillo’s motion to dismiss based on an alleged violation of his constitutional rights is denied.

CPL 30.30 (1) (a)

CPL 30.30 (1) (a) provides for dismissal of a felony charge when the People are not ready for trial within six months of the commencement of a criminal action. The six-month period begins to run with the filing of an accusatory instrument (CPL 1.20 [16], [17]; People v Sinistaj, 67 NY2d 236, 240 [1986]), and the period is computed in terms of calendar months, not necessarily 180 days. (People v Cortes, 80 NY2d 201, 207, n 3 [1992]; People v Rhee, 111 AD2d 655 [1st Dept 1985].)
The People’s readiness to go forward is objectively established when they express their present readiness on the record or when they file a certificate of readiness with the court and notify defense counsel. (People v Kendzia, 64 NY2d 331, 337 [1985]; accord, People v Smith, 82 NY2d 676, 678 [1993].) However, "ready for trial” within the meaning of CPL 30.30 requires more than a mere declaration of readiness. The People, in fact, must be ready to proceed. (People v Smith, 82 NY2d, supra, at 678; People v Kendzia, 64 NY2d, supra, at 337.) The People are ready within the meaning of the statute when they "have done all that is required of them to bring the case to a point where it may be tried.” (People v England, 84 NY2d 1, 4 [1994].)
Prior to the People’s expression of readiness, the onus is on them to establish that an adjournment is excludable once a defendant has shown delay beyond the statutory parameters. *896 (People v Santos, 68 NY2d 859, 861 [1986].) However, after the People have announced readiness, the burden shifts to the defendant. (People v Cortes, 80 NY2d, supra, at 215.)
In the instant case, speedy trial time began to run on May 15, 1993, the day the defendants were arrested and arraigned upon the felony complaint. (See, CPL 1.20 [16], [17]; People v Sinistaj, 67 NY2d 236, 240 [1986], supra.) The People then had 184 days — May 15th until November 15th — to bring this case to trial. (See, People v Cortes, 80 NY2d 201, 207, n 3 [1992], supra.) Allowing for excludable delay, the People failed to meet their statutory, speedy trial obligation.
The defendants were not arraigned on this indictment until June 15, 1993. The 31 days from May 15th until June 15th are chargeable to the People. (See, People v Correa, 77 NY2d 930, 931 [1991] [People responsible for delay between indictment and arraignment on indictment].) Although the People contend that the May 20, 1993 adjournment is excludable because it was precipitated by the defendants’ requests to testify before the Grand Jury, the defendants do not concede this point and the People have not provided the court with the minutes of the relevant proceeding. Since the defense has made a prima facie showing of delay in excess of six months and since the People, therefore, bear the burden of establishing that any prereadiness delay is excludable and have failed to do so, they must be held responsible for this six days. (See, People v Santos, 68 NY2d, supra, at 861.)
The People acknowledge their responsibility for the 43-day period encompassing the June 15th and July 8th adjournments. On July 27th, the defense requested a motion schedule. Accordingly, the interval from July 27th until October 10th, taken up with defense motions, the People’s answers thereto and the court’s decision, is excludable. (CPL 30.30 [4] [a].) Similarly, the November 19th adjournment granted to schedule the pretrial hearings ordered as a result of the defendants’ motions tolled speedy trial time. (See, People v Green, 90 AD2d 705 [1st Dept 1982] [period after court’s decision on motions excludable since People cannot be expected to go forward with hearing before they are aware that court ordered it].)
On each of the next five adjourned dates, the People answered "not ready” on the call of the calendar. Much effort and time was expended to ensure the simultaneous presence of the three defense attorneys in a trial ready posture on each of the five dates. The three defendants, all of whom lived out *897 of State, were also present on each occasion. Despite the difficulties presented in this multiple defendant litigation, the People never managed to be ready at a time when this case could be heard.
On November 19th, the People were not ready to proceed and requested an adjournment. On December 3rd, they filed a statement of readiness off-calendar with the Clerk of the Supreme Court and mailed it to the defense. Nevertheless, on December 17th, the next court date, the People were not ready to proceed. The case was adjourned to January 7th, and, in order to insure the presence of all four attorneys, counsel were directed not to accept any engagement that would conflict with the hearing of this matter.
On January 7th, defense counsel were prepared to go forward but the People, once more, were not ready to proceed. The assigned Assistant District Attorney, having disregarded the direction to avoid conflicting engagements, was on trial in another matter. To bring about a reasonable likelihood that all parties would be available for trial when the People in fact were ready to proceed, the court instructed that, should the People wish to announce their readiness for trial before the next scheduled adjourned date, they must advance the case for that purpose on three days’ notice to the defense and state their readiness in open court. The direction was disregarded on January 31st when the People filed an off-calendar statement of readiness with the Clerk of the Supreme Court and mailed it to the defense.
On the next scheduled court appearance, March 11th, the People again were not prepared to proceed. At their request, the case was postponed to March 25th. On the 25th, the assigned Assistant was engaged in another trial, and the People announced that they were not ready.
The case, then, was adjourned to June 24th, a date believed by all parties to be beyond the speedy trial limit set by CPL 30.30. The People were directed to advance the case on five days’ notice if they sought to declare their readiness at any time prior to June 24th. Noting the People’s failure to proceed on the four previous court dates, two of which followed off-calendar statements of readiness, the court apprised the People that off-calendar statements of readiness would be deemed ineffective.
Thereafter, on April 20th, despite the court’s explicit instruction, the People filed another off-calendar certificate of *898 readiness with the Clerk of the Supreme Court and mailed it to defense counsel. As before, no effort was made to personally serve the notices of readiness upon the defense attorneys nor was the case advanced or were the defendants notified. Since the notices were served by mail, they reached their intended beneficiaries substantially after the time the People declared their "readiness.”
As a result of the procedure employed on April 20th, it would not have been possible for the People to have proceeded to trial at the time they declared their readiness. The case was not calendared, defense counsel were not aware of the People’s readiness at the time the People declared themselves ready and the out-of-State defendants were not available in court to be tried. The same is true for the notices filed and served on December 3rd and January 31st.
Nonetheless, having followed the procedure set forth in People v Kendzia (64 NY2d, supra, at 337), and having received no further direction from the court on the matter, the People must be deemed to have been ready on December 3rd, the first time the People filed an off-calendar statement of readiness. Accordingly, I find that, on December 3rd, the People declared their readiness to proceed and only 16 days, from November 17th until December 3rd, is chargeable to them. On the other hand, despite having filed certificates of readiness on January 31st and April 20th, the People, who failed to comply with the court’s express direction to advance the case on notice to defense counsel, must bear the responsibility for the January 7th and March 25th adjournments.
Once the People, as they did here on December 3rd, declare themselves ready for trial, "it is the People’s delay alone that is to be considered.” (People v Anderson, 66 NY2d 529, 536 [1985].) Hence, after a declaration of readiness, where trial of a matter is delayed due to the People’s nonfeasance, they are responsible for the adjournment. (People v England, 84 NY2d 1, supra [readiness declaration insufficient when made prior to arraignment since trial could not commence and delay was caused by People’s failure to timely present case to Grand Jury]; People v McKenna, 76 NY2d 59 [1990] [People chargeable with postreadiness delay resulting from their failure to produce minutes of Grand Jury proceeding, thereby delaying necessary pretrial court decision]; People v Anderson, 66 NY2d 529, 539-540 [1985], supra [People’s failure to produce defendant for trial after declaration of readiness is chargeable to them].)
*899 Here, by virtue of the court’s order, issued in response to the People’s inability to proceed on a number of calendared court dates, the People were charged with the responsibility of declaring their readiness in a manner that would enable the case to go forward. To that end, they were directed to place the case on the calendar and provide eifective notice of readiness to the defense and the court.
The People chose to ignore this procedural order. Having failed to do all that was required of them to bring the case to a point where it could be tried, the delay engendered by the People’s conduct is chargeable to them. (See, People v England, 84 NY2d 1, 5, supra [postreadiness delay chargeable to People when prosecutorial " 'laxity, even if inadvertent, constitutes a direct impediment to commencement of the trial’ ”].)
I, therefore, hold that, subsequent to January 7th, the People are chargeable with 168 days — 63 days from January 7th until March 11th, 14 days from March 11th, when they declared they were not ready in open court, until March 25th, and 91 days from March 25th until June 24th when they declared themselves prepared to proceed. In sum, the People are responsible for 258 days from the start of criminal proceedings, a time period far in excess of the 184 days in which they were mandated to try this case. The defendants’ statutory rights to a speedy trial, thus, were impugned.

Constitutional Speedy Trial

On the other hand, I find that Mr. Castillo’s constitutional rights to a speedy trial were not infringed. Both our State and Federal courts have set forth a number of criteria by which to determine whether a defendant has been denied his constitutional guarantee to a speedy trial. Those criteria include the extent of delay, the reason for the delay, the nature of the underlying charge, the length of pretrial incarceration and whether the defense has been prejudiced by the delay. (Barker v Wingo, 407 US 514 [1972]; People v Taranovich, 37 NY2d 442, 445 [1975].)
Here, more than 13 months of delay occurred from the time of the defendant’s arrest to the time the People declared, in open court, that they were prepared to proceed. More than four months of this time was taken up with defense motions, and for a portion of the remaining time, the People were ready to try the case. The eight months of delay remaining, *900 standing alone, is not so overlong as to invoke constitutional dismissal.
Nor do the remaining criteria militate in favor of constitutional dismissal. The charge, a serious felony, required preparation. The defendant was not incarcerated during the pendency of the case, and the defendant does not claim that he was prejudiced by the delay. Mr. Castillo’s motion, therefore, is denied.