OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents the question whether defendant’s motion for an order dismissing the information on the ground that he has been denied his statutory right to a speedy trial under CPL 30.30 (1) (b) should be granted in unusual factual circumstances, i.e., (1) the prosecutor’s declaration of nonreadiness at *301 a dispositive calendar call was induced by defense counsel’s off-calendar representation to him that she would agree to a consent adjournment; (2) the People properly filed and served a declaration of readiness shortly after that calendar call. For the reasons which follow, the motion should be denied.[1]
INTRODUCTION
On November 19, 1997 defendant was arraigned on a complaint charging him with the crime of reckless endangerment in the second degree (Penal Law § 120.20), a class A misdemeanor, as well as other related charges. The matter was adjourned for further pertinent proceedings as detailed herein. By moving papers dated July 5, 1997, defendant seeks dismissal on speedy trial violation grounds, claiming that 106 days of time chargeable to the People have elapsed in this prosecution. By reply papers dated July 20, 1997, the People oppose the motion, contending that only 64 days of such time here lie.[2] Oral argument on the motion was heard on September 9, 1998.
THE POSITIONS OF THE PARTIES
As noted, the parties agree that two adjournments, totaling 64 days, should be charged to the People.[3] The parties dispute, however, the chargeability of two other adjournments totaling 41 days: the 17-day period from February 9, 1998 to February 26, 1998, and the 24-day period from May 29, 1998 to June 22, 1998.
Defendant’s Position
As to the adjournment from February 9, 1998 to February 26, 1998, defendant states that on January 6, 1998 the complaint was converted to an information, defendant requested and received a motion schedule, and the court adjourned the *302 matter to February 9, 1998 for decision. Defendant next notes that on February 9, 1998, the People did not respond to defendant’s timely served omnibus motion, and the court again adjourned the case for decision to February 26, 1998.
As to the adjournment from May 29, 1998 to June 22, 1998, defendant pleads that the People answered not ready for hearings and trial, that the court sought to adjourn the case to June 22, 1998 but did not do so when defense counsel informed the court that she had an arraignment assignment on that date, and that the court then adjourned the case to July. 6, 1998, noting that the adjournment request was made by the People.
The People’s Position
As to the adjournment from February 9, 1998 to February 26, 1998, the People argue that at most they should be charged with two days of that period. In support of that position, the People agree that they failed to serve their motion response on February 9, 1998, but state that they did so two days later, on February 11, 1998. The People continue that the Judge presiding in Part AP 5 on February 9, 1998 ruled that the People should be charged with the period of time from that day until they served their motion response.
As to the adjournment from May 29, 1998 to June 22, 1998, the People contend that on the former date defense counsel acknowledged on the record a conversation with the assigned prosecutor on May 27, 1998 in which the prosecutor stated to counsel that the People would be ready for trial on May 29, 1998, and defense counsel “specifically represented to the Assistant District Attorney that she would not be ready for trial on May 29, 1998, that the People need not bring their witnesses in, and that Defense Counsel would take a consent adjournment.”[4] During oral argument on this motion, defense counsel agreed that the People have correctly recounted the essence of that conversation, with minor exceptions not here determinative.
The People further note that they answered not ready for trial, that they did so based upon defense counsel’s representation during the May 27th conversation, and that they served a statement of readiness upon defense counsel and filed it with *303 the clerk of the court later in the day. Accordingly, the People argue that the filing of that statement was valid, despite their statement of nonreadiness on the record earlier that day.
THE LEGAL ANALYSIS
The principles of law governing this motion are both familiar and readily stated. An accusatory instrument charging a defendant with a class A misdemeanor must be dismissed when the People are not ready for trial within 90 days of the commencement of the criminal action (CPL 30.30 [1] [b]). The People satisfy their readiness obligation when they communicate their present readiness for trial, either in open court where it is to be transcribed by the stenographer or recorded by the clerk, or by written notice to both defense counsel and the appropriate court clerk (People v Kendzia, 64 NY2d 331 [1985]; accord, People v Smith, 82 NY2d 676, 678 [1993]). Present readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial, have complied with their obligation to produce for trial a defendant in their custody and have complied with all pending proceedings required to be decided before trial can commence (People v Caussade, 162 AD2d 4 [2d Dept 1990]).
Once a defendant has demonstrated delay beyond the time specified by CPL 30.30, the People bear the burden of establishing that an adjournment is excludable (People v Santos, 68 NY2d 859, 861 [1986]). The burden shifts to the defendant, however, after the People have declared readiness (People v Cortes, 80 NY2d 201, 215 [1992]; see also, People v Castillo, 162 Misc 2d 894, 895-896 [Sup Ct, Bronx County 1994]).
Turning to the facts at bar, it must first be noted that three of the four adjournments cited by defendant total 81 days, short of the statutory norm for a class A misdemeanor. Therefore, resolution of this motion necessarily rests on the status of the 24-day adjournment from May 29, 1998 to June 22, 1998.[5] Based upon the submissions of the parties and defense counsel’s factual concession during oral argument, the court finds that the People were prepared to answer ready for trial on May 29, 1997, but refrained from doing so solely on the basis of defense counsel’s representation to the prosecutor during a telephone call on May 27, 1998 that the People need not be ready on that date since counsel would agree to a consent *304 adjournment necessitated by her desire for additional trial preparation time. Moreover, following the calendar call on May 29, 1998 the People served a statement of trial readiness on defense counsel and filed same with the court before the day was out.
The law is settled that the People should be vested with the speedy trial consequence of their declaration of nonreadiness for trial. That is no less true when the People so declare in reliance on an extrajudicial agreement with defense counsel, such as that at bar. Such an agreement, of course, standing alone, cannot and does not affect the speedy trial status of an adjournment (see, People v Auslander, 168 AD2d 759 [3d Dept 1990]). Therefore, the People should be charged with the time from their declaration of nonreadiness at the May 29th calendar call until their next effective communication of readiness pursuant to People v Kendzia (supra). As noted above, that communication occurred later that same day, thus accruing no includable speedy trial time.
Accordingly, the court finds that the 24-day adjournment from May 29, 1998 to June 22, 1998 should not be charged to the People. Defendant has thus failed to demonstrate that 90 or more days of includable time pursuant to CPL 30.30 (1) (b) have passed in this prosecution.
Since this case manifests yet another in a series of similar or analogous situations that recur in this court with some frequency, it is useful to comment upon what should be done when the People reach an out-of-court agreement with defense counsel as to what will or will not take place at the next scheduled court proceeding. The parties would be well advised to recall that such agreements are subject to judicial approval, since it is the court, not the litigants, which must schedule proceedings in a case. Without that approval, such agreements lack legal efficacy. Thus, in situations similar to the instant one it would behoove the parties, particularly the People, to notify the court in advance of any proposed departure from a scheduled judicial proceeding and seek approval for any change involving an exemption from the continuing duty to be ready for trial.
CONCLUSION
For the foregoing reasons, defendant’s motion for an order dismissing the information on the ground that he was denied his statutory right to a speedy trial should be denied.

. This opinion confirms a decision orally rendered on September 9, 1998 following oral argument.

. The People appear to suggest in their reply that they should be charged with only two days of the adjournment from February 9, 1998 to February 26, 1998. They then argue, however, that one day of that period should be charged to them. As detailed infra, resolution of that difference is not necessary in the circumstances at bar.

. The parties agree that the following adjournments should'be charged to the People: the 46-day interval from November 19, 1997 to January 5, 1998; and the 18-day interval from April 16, 1998 to May 4, 1998. Although defendant would also charge the People with the day of his arraignment, People v Stiles (70 NY2d 765 [1987]) holds to the contrary.

. Affirmation in opposition to defendant’s motion to dismiss information, dated July 20,1998, by Assistant District Attorney Michael J. Pulizotto, at 2, 3, paras 10, 11.

. For purposes of disposition of the instant motion, this court assumes, but does not find, that the 17-day period from February 9, 1998 to February 26, 1998 should be charged to the People.