People v Pittman (2023 NY Slip Op 06001)

People v Pittman

2023 NY Slip Op 06001

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

112094
[*1]The People of the State of New York, Respondent.
v
Shanessa . Pittman, Appellant.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Cortland County (Julie A. Campbell, J.), rendered September 5, 2019, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, assault in the second degree and reckless endangerment in the first degree.
At approximately 10:30 p.m. on August 30, 2013, a 911 call was made reporting a disturbance in the area of 152 Main Street in the City of Cortland, Cortland County. A responding police officer was approached by a man on nearby Randall Street who was wearing a white shirt and had what appeared to be a gunshot wound on his left forearm. After the victim was taken away to receive medical attention, the officer spotted a trail of blood leading back to Main Street and, on the porch of 152 Main Street, found a .22 caliber shell casing. Investigators soon learned that defendant had been staying with the upstairs tenant at 152 Main Street and may have been involved in the shooting. Members of the family living in the downstairs apartment further gave investigators their observations as to what had led up to the incident and the shooting itself, with two neighbors reporting that people had been arguing on the porch that evening and that they heard a gunshot and what proved to be the shell casing hitting the front door to their apartment. The neighbors then separately looked out the bay window facing the porch and saw defendant, who they recognized from their prior interactions with her and her distinctive facial tattoos, standing on the porch and pointing a handgun toward the street. One of the neighbors added that defendant was aiming at a black male in a white shirt who was running across the street toward Randall Street. The neighbors gave written statements to that effect and, when they were shown a photo array with photos of defendant and five others on September 3, 2013, both identified defendant as the woman who was brandishing the gun.
Defendant remained absent, and the record reflects that she had left the Cortland area for Virginia. On September 3, 2013, defendant was charged by felony complaint with various offenses arising from the shooting and Cortland City Court issued a warrant for her arrest. She remained at large on November 21, 2014, when she was charged in a sealed indictment with criminal possession of a weapon in the second degree, assault in the second degree and reckless endangerment in the first degree. County Court then issued an arrest warrant the same day. Defendant was taken into custody on August 30, 2018 and returned to New York and, on October 3, 2018, she was arraigned upon the indictment. Defendant then engaged in extensive motion practice that included unsuccessful efforts to suppress the neighbors' identification of her. Shortly before trial, defendant further sought to dismiss the indictment on constitutional and statutory speedy trial grounds. County Court denied that motion without a hearing.[FN1]
Following a jury trial, defendant [*2]was found guilty as charged. She was sentenced to a term of 10 years in prison and five years of postrelease supervision upon the criminal possession of a weapon in the second degree conviction and to lesser concurrent terms upon the remaining convictions. Defendant appeals.
Defendant contends, and we agree, that County Court erred in denying her motion to dismiss the indictment on speedy trial grounds without a hearing. "Having charged defendant with a felony, the People were required to be ready for trial within six months of the filing of the first accusatory instrument, here the felony complaint[s]" issued on September 3, 2013 (People v Nash, 64 AD3d 878, 879 [3d Dept 2009] [citations omitted]; see CPL 30.30 [1] [a]). As defendant consistently asserted her speedy trial rights, and the People did not announce readiness for trial until October 3, 2018, it was incumbent upon the People "to show that any delay beyond the statutory maximum should be excluded" (People v Rousaw, 151 AD3d 1179, 1180 [3d Dept 2017]; see CPL 210.45; People v Allard, 28 NY3d 41, 45 [2016]; People v Flagg, 30 AD3d 889, 891 [3d Dept 2006], lv denied 7 NY3d 848 [2006]). The People primarily attempted to do so by relying upon CPL 30.30 (4) (c) (i), which renders "the period of delay resulting from [defendant's] absence or unavailability" excludable, arguing that defendant had absconded after the shooting and remained unavailable until her arrest on August 30, 2018. Absence in that context means that the defendant's "location is unknown and he [or she] is attempting to avoid apprehension or prosecution, or his [or her] location cannot be determined by due diligence," while unavailability occurs "whenever [the defendant's] location is known but his [or her] presence for trial cannot be obtained by due diligence" (CPL 30.30 [4] [c] [i]). Notably, "[a]bsent a demonstration of 'prosecutorial diligence in locating the defendant and/or securing his [or her] presence,' the mere fact that the defendant was in another jurisdiction when the action was commenced does not entitle the People to exclude the time" (People v Wiggins, 194 AD2d 840, 841 [3d Dept 1993], quoting People v Bolden, 81 NY2d 146, 155 [1993]; see People v Montes, 178 AD3d 1283, 1286 [3d Dept 2019], lv denied 34 NY3d 1161 [2020]).
There is no question that defendant was in Virginia after the August 2013 shooting and that a warrant for her arrest was issued by Cortland City Court on September 3, 2013. Defendant averred in her motion papers that she was first arrested on that warrant on October 8, 2013 and that, shortly thereafter, she executed a waiver of extradition and agreed to return to New York. She was not returned to New York, apparently because prosecutors in Virginia were pursuing unrelated criminal charges against her. Defendant was acquitted on the Virginia charges in May 2014 and, due to a paperwork error, she was released instead of being detained and returned to New York. Defendant was then hospitalized [*3]after being injured in a June 2014 shooting, and she annexed to her motion papers an email from an employee at the Cortland County District Attorney's office reflecting that the People were aware of that fact and anticipated that she would be transported to New York when she recovered. Defendant was instead released from the hospital, after which she averred that she was detained again on either the Cortland City Court or County Court arrest warrant in November 2014 and was, moreover, restrained because of that warrant while she was hospitalized after another shooting in April 2015.[FN2] Again, she was not returned to New York. The motion papers further reflected that defendant was incarcerated in Virginia between May 2015 and April 2016, and then between August 2017 and May 2018, and defense counsel alleged that the People were aware of such but made no effort to secure defendant's return to New York during those periods. Defendant was finally arrested on August 30, 2018, and transported back to New York.
Defendant accordingly came forward with sworn allegations that the People were aware of her whereabouts for a good portion of the time she was in Virginia and that, despite her repeated detention, they failed to secure her presence in New York for five years. The People took issue with her account in various respects in their responsive papers, but offered no documentary evidence to refute her core contention that they knew where she was for much of that period and could have, but did not, retrieve her from authorities in Virginia. Indeed, the People confirmed defendant's account in significant respects, acknowledging that defendant had been released on at least one occasion because they had failed to properly file an arrest warrant and that they were aware of her location on the occasions that "she was actually in custody" in Virginia. In short, defendant raised questions via sworn allegations as to the People's knowledge of her whereabouts and their due diligence (or lack thereof) in locating her and securing her presence between 2013 and 2018, and the People failed to "conclusively refute[ ] [those allegations] by unquestionable documentary proof" (CPL 210.45 [5] [c]). It follows that County Court erred in denying defendant's motion without "conduct[ing] a hearing and mak[ing] findings of fact" as to how much of the period between September 3, 2013 and August 30, 2018 was chargeable to the People for statutory speedy trial purposes (CPL 210.45 [6]; see People v Allard, 113 AD3d 624, 625-626 [2d Dept 2014]). We remit for County Court to conduct that hearing and, in so doing, "develop a record on those issues that are [also] pertinent to defendant's constitutional speedy trial claim" (People v Dearstyne, 215 AD2d 864, 867 [3d Dept 1995]; see People v Miner, 162 AD2d 767, 768-769 [3d Dept 1990]; see generally People v Singer, 44 NY2d 241 [1978]; People v Taranovich, 37 NY2d 442 [1975]). This appeal is held in abeyance pending the outcome of that hearing[*4].
Clark, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: A motion to dismiss the indictment on speedy trial grounds "may be made at any time before commencement of trial or entry of a plea of guilty" (People v Lawrence, 64 NY2d 200, 205 [1984]; see CPL 210.20 [1] [g]; [2]).

Footnote 2: Defendant annexed to her motion papers a certificate of disposition showing that the original felony complaints against her were dismissed in February 2015.