People v James (2024 NY Slip Op 03910)

People v James

2024 NY Slip Op 03910

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

113688
[*1]The People of the State of New York, Respondent,
v
Lewis James, Appellant.

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Ceresia, Fisher and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Powers, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered July 15, 2022 in Albany County, upon a verdict convicting defendant of the crimes of criminally using drug paraphernalia in the second degree, criminal possession of a controlled substance in the fourth degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
During the early morning hours of November 3, 2019, the rental vehicle defendant was driving was stopped by police following the observation of a traffic violation, and, upon approaching the vehicle, the odor of marihuana was detected. Defendant and the codefendant, a passenger in the vehicle, were searched and a small amount of marihuana and a key card to a certain room in a local hotel were found on defendant's person. Six baggies of crack cocaine and an identical hotel key card were located on the codefendant's person and a box of 500 glassine envelopes was discovered within the vehicle. A search warrant was obtained for the hotel room in question, wherein quantities of heroin and cocaine were found. Defendant and the codefendant were jointly charged by indictment; defendant being charged with one count of criminally using drug paraphernalia in the second degree (see Penal Law § 220.50 [2]), two counts of criminal possession of a controlled substance in the fourth degree (see Penal Law § 220.09 [1]) and two counts of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1]). Following, among other things, an unsuccessful motion to dismiss the indictment based upon the People's purported failure to comply with certain discovery obligations, defendant proceeded to trial and was convicted as charged. For the criminal possession of a controlled substance in the third degree counts, defendant was sentenced to concurrent prison terms of five years, followed by two years of postrelease supervision, and he received lesser concurrent terms of incarceration on the remaining counts. Defendant appeals.
Defendant contends, in part, that he was denied his statutory right to a speedy trial based upon the People's purported failure to comply with certain automatic disclosure requirements set forth by CPL 245.20.[FN1] As we find the record inadequate to conclusively determine such issue, we remit the matter to Supreme Court for further proceedings.
Pursuant to CPL article 245, the People are required to automatically disclose to the defense "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]). Among other items, the People must disclose "[t]he names and adequate contact information for all persons other thanlaw enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto, including a designation by the prosecutor [*2]as to which of those persons may be called as witnesses" (CPL 245.20 [1] [c]). Additionally, the People must provide "[t]he name and work affiliation of all law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto, including a designation by the prosecutor as to which of those persons may be called as witnesses" (CPL 245.20 [1] [d]).
Upon the provision of the required automatic disclosure, the People must file a certificate of compliance (hereinafter COC) indicating "that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). "[T]he Legislature tethered the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements and conditioned trial readiness on the filing of a proper COC" (People v Williams, 224 AD3d 998, 999 [3d Dept 2024] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied ___ NY3d ___ [June 27, 2024]; see People v King, ___ NY3d ___, ___, 2024 NY Slip Op 03322, *2 [2024]). Thus, the People are not deemed ready for trial for purposes of CPL 30.30 until a proper COC has been filed (see CPL 245.50 [3]). "[T]he key question in determining if a proper COC has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery" (People v Bay, 41 NY3d 200, 211 [2023] [internal quotation marks, brackets and citation omitted]; accord People v Williams, 224 AD3d at 999). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed" (People v Bay, 41 NY3d at 213). Related to this obligation, "[t]he People [also] have an ongoing duty to expeditiously disclose any CPL 245.20 materials that were previously unknown or not in the People's possession during the automatic disclosure period, and a valid [COC] and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v McCarty, 221 AD3d 1360, 1361-1362 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]; see CPL 245.50 [1]; 245.60).
Defendant was arrested on November 3, 2019, and an accusatory instrument was filed in Colonie Town Court. Defendant was indicted thereon in August 2020, and the People provided defendant with automatic disclosure on September 21, 2020. This disclosure included an indication that the People had provided, in attached reports, the names and contact information of all individuals known by the People to have information relevant to the charges and the names and work affiliation of all known law enforcement [*3]personnel involved in the case. Appended to this disclosure was a list of individuals who the People indicated may be called as witnesses at trial. The People then filed a COC on October 14, 2020, indicating their readiness for trial. Thereafter, the People filed supplemental COCs on November 12, 2020, February 9, 2021 and May 24, 2021. Appended to the May 2021 supplemental COC was an amended witness list with law enforcement personnel and an unidentified employee of the hotel who had not previously been indicated as potential witnesses. The People also included a standardized document, dated January 2021, titled "Standing Affirmation of Due Diligence Under CPL Article 245" created by the Chief Assistant District Attorney for Albany County. This document outlines the general practices of the Albany County District Attorney's office to describe its efforts to comply with discovery obligations. The People then filed additional supplemental COCs on November 3, 2021 and November 19, 2021.
In May 2022, defendant moved to dismiss the indictment on the basis that his statutory right to a speedy trial had been violated by the People's failure to comply with their discovery obligations. Defendant asserted that the belated addition of the individuals in the May 2021 witness list and the provision of certain impeachment materials at that time evidenced the People's failure to comply with their discovery obligations and rendered the initial COC illusory. The People countered that the initial COC was valid, and that they complied with their discovery obligations by providing defendant with any newly discovered information and recertifying their compliance with discovery upon the provision of additional discovery materials. The People asserted that they had provided all impeachment materials for those who were to testify at trial and, relatedly, that the standing affirmation of compliance with discovery detailed their due diligence and good faith efforts to comply with discovery. Supreme Court summarily denied defendant's motion, indicating that the People had affirmed their compliance with discovery based upon their representation that everything in the People's possession had been provided to defendant in May 2021 — a date well outside of the statutory six-month speedy trial window.
Defendant's assertion that the People failed to disclose certain impeachment material is without merit because this information — a witness's traffic infraction — did not constitute proper impeachment material and was, therefore, not required to be disclosed (see CPL 245.20 [1] [k] [iv]; Vehicle and Traffic Law § 155; People v Bush, 184 AD3d 1003, 1008 [3d Dept 2020], lv denied 35 NY3d 1093 [2020]). Nevertheless, Supreme Court was required to inquire into whether the addition of new witnesses in the May 2021 witness list rendered the initial COC illusory. The court relied upon the People's generalized assertions that they had complied with their discovery obligations and neglected [*4]to engage in any inquiry of the People in this respect. In doing so, the court failed to ensure that an adequate record was made as to the People's efforts and failed to consider "whether the [People] ha[d] exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery," as required by CPL article 245 (People v Bay, 41 NY3d at 211 [internal quotation marks, brackets and citation omitted]).
Despite this Court's authority to independently review the issue (see generally CPL 470.15 [1]; People v Bay, 41 NY3d at 215; People v McCarty, 221 AD3d at 1363; People v Caruso, 219 AD3d 1682, 1685 [4th Dept 2023]), the record is not adequate to allow us to undertake such review. "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific . . . and will turn on the circumstances presented" (People v Bay, 41 NY3d at 212 [citations omitted]). Yet, the People relied upon the standing affirmation to demonstrate their due diligence by describing the general practices of the District Attorney's office. This document — which predates the May 2021 witness list — does not shed any light on whether the People exercised due diligence and acted in good faith in this case. As the record before this Court is inadequate to conclusively determine defendant's speedy trial claim, we hold the appeal in abeyance and remit the matter to Supreme Court to further develop the record and render an express determination as to whether the initial COC was rendered illusory by the belated additions to the witness list (see People v Sumler, ___ AD3d ___, ___, 2024 NY Slip Op 03307, *4 [4th Dept 2024]; People v O'Day, 200 AD3d 1495, 1498 [3d Dept 2021]).
Garry, P.J., Clark, Ceresia and Fisher, JJ., concur.
Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Because defendant was charged with a felony, the People were required to declare their readiness for trial within six months of November 3, 2019 (see CPL 30.30 [1] [a]; People v Pittman, 221 AD3d 1256, 1257 [3d Dept 2023]). Although the record before this Court does not include the accusatory instrument, defendant's submissions before Supreme Court indicate that it was filed on November 3, 2019, and the People did not contest same. Accordingly, we utilize such date as the date of commencement of this action (see People v McCarty, 221 AD3d 1360, 1363 n 5 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]).