OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to the extent of remitting the case to Supreme Court, New York County, for a hearing on the branch of defendant’s motion to dismiss the indictments based on CPL 30.30, and for further proceedings in accordance with this memorandum. As so modified, the order should be affirmed. In the event defendant prevails on the motion following the hearing, the indictments should be dismissed. If, however, the People prevail, the judgment of conviction should be amended to reflect the denial of defendant’s motion.
Defendant was arrested on December 6, 1978. Two weeks later he was arraigned on two indictments and charged with criminal sale of a controlled substance in the second and third degrees, and criminal possession of a controlled substance in the third, fifth and eighth degrees. Nearly two years later, on October 31, 1980, defendant moved to dismiss both indictments on the ground that he had been deprived of his right to a speedy trial (CPL 30.20, 30.30). Defendant’s motion was denied summarily, without a hearing, after which he was tried before a jury, convicted of criminal sale of a controlled substance in the second and third degrees, and sentenced on both counts. The Appellate Division affirmed, without opinion.
Defendant now urges that, based on the trial court submissions — here summarized — the indictments should have been dismissed pursuant to CPL 30.30. Defense counsel, in his affidavit in support of the motion, set out a chronology of events beginning with defendant’s arrest in December 1978 and concluding that "the prosecution has not been ready for trial, nor has it made diligent efforts to secure the production of the defendant for a period which totals approximately two *861 (2) years, most of which is attributable to delay caused by the prosecution.” The Assistant District Attorney responded in his affidavit that none of the adjournments from defendant’s arraignment to November 9, 1979 — the date a detainer was lodged against him by the State of New Jersey — should be included, as it was his understanding that the defendant was interested in a plea. No dates of adjournment with relevant exclusions were specified. The affidavit concluded that CPL 30.30 (4) (b) excused all delays (but one) before defendant’s waiver of extradition to New Jersey and since his return, and that CPL 30.30 (4) (e) was applicable to the period of defendant’s detention in New Jersey.
In denying defendant’s motion, the court found all but seven days subsequent to November 1979 chargeable to defendant and denied his motion to dismiss. Noting however that both parties in their submissions had exerted little effort to present the necessary facts, the court declined to hold a hearing. We conclude that summary denial of defendant’s motion was error.
Where a defendant moves to dismiss an indictment on the grounds specified in CPL 30.30 and includes in the moving papers sworn allegations that there has been unexcused delay in excess of the statutory maximum, the motion must be granted summarily unless the People controvert the factual basis for the motion (CPL 210.45 [4]; People v Lomax, 50 NY2d 351, 357; People v Berkowitz, 50 NY2d 333, 349; People v Gruden, 42 NY2d 214, 217-218). Thus, once a defendant has shown the existence of an unexcused delay greater than three or six months, the burden of showing that time should be excluded falls upon the People (People v Kendzia, 64 NY2d 331, 338; People v Berkowitz, 50 NY2d, at p 349, supra). Where the papers submitted by the prosecutor show that there is a factual dispute, there must be a hearing (People v Gruden, 42 NY2d, at p 217, supra).
Here, the affidavit submitted for defendant asserted a delay of nearly two years, mostly attributable to the People. Although the affidavit omitted the date the People’s time began to run, the Assistant District Attorney furnished that date in his own affidavit, thereby curing the alleged insufficiency (see, People v Lomax, 50 NY2d, at p 357, supra). The burden thus shifted to the People to show that specific periods within the two years should be excluded. The People, however, failed to set forth the particular dates they claim should be excluded and the factual and statutory basis for each exclusion. The *862 People did not in their submission establish compliance with their speedy trial obligations, which continue independent of any obligations under the Agreement on Detainers (see, CPL 580.20) and the Uniform Criminal Extradition Act (see, CPL 570.50); particular periods of time involved in proceedings in other jurisdictions may of course be excludable under CPL 30.30. Here, the trial court had no factual basis on which to make the necessary findings as to each alleged period of delay between December 1978 and October 1980, including the length and the reasons for each exclusion under CPL 30.30 (4) (b) or (e). The affidavit of the Assistant District Attorney was sufficient to raise a factual dispute as to alleged exclusions, but it did not satisfy the People’s burden as a matter of law.
Defendant’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order modified by remitting the case to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.