■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VIDAL, Appellant.—Appeal from judgment of the Supreme Court, New York County (Ira Beal, J., at pretrial motions; Richard Carruthers, J., at trial and sentence), rendered August 15, 1988, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia (two counts), and sentencing him to 15 years to life on the sale count, 1 to 3 years on the possession counts, and one year on the drug paraphernalia counts, all sentences to run concurrently, is held in abeyance, the order entered on or about February 29, 1988, denying defendant's motion for an order dismissing the indictment pursuant to CPL 30.30, is unanimously reversed, on the law, and the motion granted solely to the extent of remanding the matter for a speedy trial hearing.

Defendant alleged that 19 months had passed since he had been initially charged in the case and the People could not demonstrate any excludable time in the period. The People responded that, in fact, most of the time was excludable. Criminal Term's denial of this motion without a hearing was in error. Once the defendant alleges that the People have failed to answer ready within the time prescribed by CPL 30.30, the burden shifts to the People to establish that the delay is not properly chargeable to them *(People v Berkowitz,* 50 NY2d 333, 349). Where the papers submitted on a motion pursuant to CPL 30.30 raise a factual dispute, there must be a hearing *(People v Santos,* 68 NY2d 859, 861). Similarly, a factual dispute mandating a hearing existed on defendant's claim that the same delay violated his rights to a speedy trial under CPL 30.20 and the US Constitution.

While defendant now asserts that preaccusatory delay between the sale of cocaine on July 3, 1985 and the arrest on April 23, 1986 should be "considered" in determining whether he was denied due process, defendant never presented such a claim to Criminal Term and it is thus unpreserved *(see, People v Whisby,* 48 NY2d 834, 836). However, we hold the appeal in

abeyance pending a hearing to resolve the remainder of defendant's speedy trial claim. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.