■ In the Matter of Latoya T., a Person Alleged to be a Juvenile Delinquent, Appellant. [633 NYS2d 562] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated May 16, 1990, which, upon a fact-finding order of the same court, dated March 14, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated March 14, 1990.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for the purpose of entering an order pursuant to Family Court Act § 375.1.

The Family Court erred in denying the appellant's motion to dismiss the petition based upon the alleged violation of her right to a speedy trial. The fact-finding hearing commenced beyond the 60-day time limit specified in Family Court Act § 340.1 (2). Moreover, the presenting agency failed to establish that the initial adjournment was for good cause or that the successive adjournments were granted because of special circumstances (see, Family Ct Act § 340.1 [4] [a], [b]; [6]; People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333; People v Robbins, 207 AD2d 565).

In light of the foregoing, we do not reach the appellant's remaining contentions. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.