██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES YOUNG, Also Known as JAMES REESE, Appellant. [795 NYS2d 925]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered March 12, 2003. The judgment convicted defendant, upon a jury verdict, of arson in the second degree, burglary in the second degree (two counts), reckless endangerment in the first degree, criminal mischief in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]), and one count each of arson in the second degree (§ 150.15), and assault in the third degree (§ 120.00 [1]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to sustain the conviction of burglary, arson, and assault (*see*

*generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, County Court did not err in failing to conduct a hearing on his CPL 30.30 motion. Because the People met their statutory obligation by declaring their readiness for trial two days after the court declared a mistrial (*see* CPL 30.30 [1]), the court had a factual basis on which to make the necessary findings on defendant's motion, and no hearing was necessary (*cf. People v Santos*, 68 NY2d 859, 861 [1986]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.