People v Brown (2023 NY Slip Op 01306)

People v Brown

2023 NY Slip Op 01306

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-02856
 (Ind. No. 415/18)

[*1]The People of the State of New York, appellant,
v
Timothy Brown, respondent.

Thomas E. Walsh, II, District Attorney, New City, NY (Jacob B. Sher of counsel), for appellant.
James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated April 6, 2021. The order, inter alia, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, and denied the People's cross motion pursuant to CPL 245.70(2) for an extension of time to serve and file a late certificate of compliance.
ORDERED that the order is affirmed.
The facts are undisputed. By indictment filed on November 30, 2018, a grand jury charged the defendant with two counts of rape in the third degree, and the defendant was arrested pursuant to an arrest warrant. On December 21, 2018, the defendant was arraigned and the People announced their readiness for trial. In 2019, the case was adjourned multiple times. During that time, the People provided certain discovery. On March 6, 2019, the People again announced their readiness for trial. On January 2, 2020, the defendant filed a discovery demand pursuant to the then newly-enacted discovery reform statute, CPL article 245, and the case was adjourned to February 6, 2020, for discovery compliance. Subsequently, the case was adjourned several times, including due to the court closures resulting from the COVID-19 pandemic. At the parties' appearance on July 22, 2020, defense counsel acknowledged that there was no outstanding discovery. Thereafter, the case was adjourned again. At the parties' appearance on October 28, 2020, the People renewed their statement of readiness. As trials were still not being scheduled due to the COVID-19 pandemic, the case continued to be adjourned. At the parties' appearance on March 1, 2021, the County Court indicated that the case could be called in for jury selection on April 5, 2021.
On March 19, 2021, the defendant moved to dismiss the indictment for exceeding the speedy trial requirements of CPL 30.30(1)(a) as a result of the People's failure to serve and file a certificate of compliance within the speedy trial statutory period. The People opposed and cross-moved pursuant to CPL 245.70(2) for an extension of time to serve and file a late certificate of compliance. In an order dated April 6, 2021, the County Court granted the defendant's motion and denied the People's cross motion. The People appeal.
"A defendant seeking dismissal of the indictment on speedy trial grounds under CPL [*2]30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period" (People v Perkins, 175 AD3d 1327, 1327; see People v Santos, 68 NY2d 859, 861). As of January 1, 2020, the calculation of speedy trial time pursuant to CPL 30.30 is tied to the People's good faith compliance with their mandatory discovery obligation under CPL 245.20, which they are required to certify in a certificate of compliance that must accompany or precede any statement of trial readiness (see CPL 30.30[5]; 245.50[1], [3]). CPL 245.50(3) provides, in relevant part: "[A]bsent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate pursuant to [CPL 245.50(1)]." CPL 30.30(5) reiterates that requirement, providing, in relevant part: "Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20." "Generally, the plain meaning of the statutory text is the best evidence of legislative intent" and, "[a]s a general rule, unambiguous language of a statute is alone determinative" (People v Galindo, 38 NY3d 199, 203 [internal quotation marks omitted]; see Colon v Martin, 35 NY3d 75, 78).
"The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain time periods should be excluded" (People v Brown, 28 NY3d 392, 403 [internal quotation marks omitted]; see People v Price, 14 NY3d 61, 63-64). Once a defendant has alleged that the People failed to declare readiness within the statutorily prescribed time period, the burden shifts to the People to demonstrate whether any time periods are to be excluded from the calculation, such that the allowable time has not lapsed (see People v Santos, 68 NY2d at 861; People v Perkins, 175 AD3d at 1327).
Here, the County Court properly granted the defendant's motion to dismiss the indictment. Contrary to the People's contention, their October 28, 2020 statement of readiness, which, technically, was within the speedy trial time limit, was nevertheless illusory, as they never certified their compliance with their discovery obligation under CPL 245.20 in a certificate of compliance that they were required to file with the court before or at the time they announced their readiness for trial (see CPL 30.30[5]; 245.50[1], [3]). The People's October 28, 2020 statement of readiness was therefore insufficient to stop the running of the speedy trial clock (see generally People v Brown, 28 NY3d at 404), and the statutory period to declare readiness had lapsed for speedy trial purposes as of the time the defendant moved to dismiss the indictment.
The People's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court