People v Simonelli (2024 NY Slip Op 50809(U))

[*1]

People v Simonelli

2024 NY Slip Op 50809(U)

Decided on March 12, 2024

Criminal Court Of The City Of New York, Kings County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Phllip Simonelli, Defendant.

Docket No. CR-032702-23KN

Eric Gonzalez, District Attorney, Kings County, Victoria Rubino, A.D.A
The Legal Aid Society, Criminal Defense Practice, Ana Melendez Franco, Esq., of counsel for the Defendant

Patrick Hayes Torres, J.

The defendant was arraigned and charged with Vehicle and Traffic Law § 1192 (3) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charges, an unclassified misdemeanor punishable by up to one year in jail. Defendant now challenges the validity of the People's Certificate of Compliance, ("COC") and Statement of Readiness ("SOR") filed on November 22, 2023, as not proper under Criminal Procedure Law ("CPL) 245.20 (1) because certain materials were not disclosed and made available to the defense, and that the prosecution's Supplemental Certificate of Compliance ("SCOC"), filed on December 22, 2023, January 24, 2024, January 26, 2024, and January 29, 2024, invalidated the original COC and the SOR was illusory under CPL 245.50 (1-a) and moves for dismissal of the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30.
For the reasons set forth below, the defendant's motion to invalidate the People's COC and SOR and to dismiss the accusatory instrument is granted.
PROCEDURAL HISTORY
On September 5, 2023, defendant was arraigned and charged with multiple violations of Vehicle and Traffic Laws including, Vehicle and Traffic Law1192 (3), Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, an unclassified misdemeanor which has a 90-day speedy trial time. See CPL 30.30 (1) (b); VTL § 1193(1)(b)(i). Therefore, the People were required to file their COC/SOR on or before December 5, 2023.
On October 2, 2023, the People filed a Notice Pursuant to 710.30 (1) (a) containing a statement made by defendant, via electronic message, to his employer on September 14, 2023.
On November 22, 2023, the People filed a Superseding Information ("SSI") adding the charge of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident Without Reporting,
On November 22, 2023, the 77th day of CPL 90-day speedy trial time, the People filed, and served off calendar, a Certificate of Compliance ("COC"), a Statement of Readiness ("SOR"), Inventory of Discovery Provided, and Notice of Disclosure Form ("NOD").
On December 1, 2023, the 86th day of CPL 90-day speedy trial time, the People filed a second SOR through the EDDS system. However, the People filed a Motion to Dismiss the charge of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident Without Reporting, on the back of their SOR, which failed to Notify the Court that a motion was pending. In effect the People's motion was hidden within the SOR EDDS event and the motion was not assigned to a judge to perform the ministerial function of dismissing the charge. The irony here is that the People were dismissing the very charge that they added on their SSI of November 22, 2023.
On December 15, 2023, the defense alerted the People that certain discoverable materials were listed in the COC but not provided to the defense or were not provided at all.
The People filed several SCOC dated December 22, 2023, January 24, 2024, January 26, 2024, and January 29, 2024, belatedly disclosing discoverable materials. The People's SCOC did not detail the basis for the belated disclosure.
On January 5, 2024, the defense filed the instant motion. On January 26, 2024, the People filed their Affirmation in Opposition to the defense Motion.
On February 2, 2024, the defense filed a reply.
On March 5, 2024, the People, without seeking leave of court, filed a supplement to their Affirmation in Opposition alleging that their motion to dismiss the count on December 1, 2023, was an exclusion of speedy trial time.
MOTION TO DISMISS CHARGE
The People sought to dismiss on December 1, 2023, the charge of VTL 600(1) (a), which was the very same charge they added when they filed their SSI on November 22, 2023, a mere 9 days.
A review of the EDDS system disclosed that the People filed a document entitled Statement of Readiness on December 1, 2023, and with EDDS identification number FLK6JE, then attached the "Motion to Dismiss Count" to the SOR document. In order to file a document on the EDDS system a set of boxes need to be checked off such as Certificate of compliance, motion etc. Here the People checked off the box that a statement of readiness was being filed into the EDDS system. The People, however, attached the Motion to Dismiss Count to the Statement of Readiness. The incorrect filing did not notice the Court that a motion was pending. The EDDS system requires a separate entry for a motion in order to ensure that the motion is assigned for decision. The People appeared in court subsequent to this filing on December 7, 2023, and February 13, 2024, and yet did not request the court to perform what is essentially a ministerial matter of granting the motion on the record. Therefore, this motion was not properly noticed.
However, since the application is before the Court now, the People's application to dismiss the charge of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident Without Reporting, is granted. The count is hereby dismissed.
The People contend that even if the COC is declared invalid, the People's December 1, 2023, Motion to Dismiss the Count of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident Without Reporting, is a pretrial motion pursuant to CPL 30.30 (4) (a), and it stopped the CPL 30.30 time clock on the 86th day of speedy trial time chargeable to the People. 
The People's interpretation of CPL 30.30 (4) (a), that the Motion to Dismiss charges is a pretrial motion which stopped the CPL 30.30 clock, was made as a bare assertion without citing legal precedents in support of its position, is meritless. As the court in People v M.V. 79 Misc [*2]3d 448 (Crim. Ct., Kings County 2023) stated, "The purported motion to dismiss counts in the present case does not fall within the exceptions enumerated under CPL 30.30 (4) (a). See People v Collins, 82 NY2d 177, 181 (1993) holding that the carveout for pretrial motions under CPL30.30 (4) (a) "generally refers to delay attributable to responding to and deciding motions actually made." People v Thomas, 59 Misc 3d 64 [App. Term, 1st Dept. 2018] [determining that a motion to dismiss felony counts is not a "pretrial motion" under CPL 30.30 (4) (a) and charging the People for time accordingly].
Here, on a Motion to Dismiss a Count, the Court does not set a motion schedule to decide the request. The motion is generally granted automatically without opposition papers. The motion does not necessitate an opposition response. It's akin to a minstrel application. Thereby falling outside of CPL 30.30(4) (a). See People v Saavedra, 76 Misc 3d 626 (Crim. Ct., Bronx County 2021)." See also People v S.E.,79 Misc 3d 1233 (A) (Crim. Ct., Queens County 2023). Accordingly, the People's Motion to Dismiss the charge of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident Without Reporting is not a pretrial motion pursuant to CPL 30.30 (4) (a) and did not stop the CPL 30.30 speedy trial clock.
CERTIFICATE OF COMPLIANCE and SCOC
Defendant challenges the validity of the People's Certificate of Compliance, ("COC") and Statement of Readiness ("SOR") filed on November 22, 2023, as not proper under CPL 245.20 (1) because certain discoverable materials were not disclosed and made available to the defense, and because the prosecution's Supplemental Certificates of Compliance ("SCOC") filed on 12/22/23, 1/24/24, 1/26/24, and 1/29/24, were invalid under CPL 245.50 (1-a), that their SOR was illusory and moved for dismissal of the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30. 1-A).
CPL 245.50 (1) defines a proper COC and requires the People to certify that they have exercised "due diligence," have made "reasonable inquiries" to "ascertain the existence of discoverable material," and have "made available all known material and information subject to discovery." A COC is not proper unless the prosecutor has disclosed to the defense all known material subject to discovery after having exercised due diligence and made reasonable inquiries to find out what discovery existed. People v Hutchins, 74 Misc 3d 1234 (A) [Sup. Ct., Kings County 2022]. 
In a challenge to the validity of a COC the Court must determine whether the People exercised the requisite level of diligence in obtaining the materials, whether their certification was filed in good faith, and whether it was reasonable under the circumstances. People v. Valdez, 80 Misc 3d 544 (Crim. Ct., Kings County 2023); People v. Markovtsii, 81 Misc 3d 225 (Crim. Ct., Kings County 2023); People v McKinney, 71 Misc 3d 1221(A) (Crim. Ct., Kings County 2021); People v Adrovic, 69 Misc 3d 563(Crim. Ct., Kings County 2020) When a discoverable item is presently not in the prosecution's actual possession, the prosecutor may file a COC only if the item is "lost or destroyed" under CPL 245.80 (1) (b). In the instant case most of the belated discovery was in the actual possession of the NYPD or the ADA.
In the event additional discovery is provided after a COC has been filed CPL 245.50(1-a) provides that "[a]ny supplemental COC shall detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the COC." "The filing of a supplemental COC shall not impact the validity of the original COC if filed in good faith and after exercising due diligence pursuant to CPL § 245.20, or if the additional discovery did not exist, at the time of the filing of the original COC." Thus, good faith and due diligence is [*3]the key to a valid COC and SCOC.
Some of the factors this court can consider when evaluating due diligence is among other things the effort the prosecutor made to obtain discovery, the volume of discovery provided compared to what is outstanding, how obvious is the missing material, the prosecutor's explanation for the missing discovery and how prompt is the People's response once they are apprised of the missing discovery. See People v. Bay, 2023 NY Slip Op 06407 (2023)
In People v. Bay, 2023 NY Slip Op 06407 (2023), the court held, " [s]hould a defendant bring a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure (see People v. Santos, 68 NY2d 859, 861, 508 N.Y.S.2d 411, 501 N.E.2d 19 [1986], citing People v. Berkowitz, 50 NY2d 333, 349, 428 N.Y.S.2d 927, 406 N.E.2d 783 [1980]). If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed."
A COC "in name only will not shield the people from the application of the speedy trial statutes, where discovery is incomplete, and no exception applies to excuse the non-disclosure or to permit the People to be deemed ready despite the missing material." People v Aquino 72 Misc 3d 518 (Crim. Ct., Kings County 2021) People v Jackson 79 Misc 3d 832 (Crim. Ct., New York County 2023)
Defense Alerted the People of The Discovery Defects in their COC.
On December 15, 2023, the defense alerted the People that certain discoverable materials listed in the People's November 22, 2023, COC were not provided. The missing discoverable materials included: 1) photos taken by arresting officer at the scene; 2) DD5s between: a) NYPD and the Press; b) ADA and defendant's employer; c) DD5s of Detective K. of the NYPD Operations Unit; d) all paperwork and documents related to notification for Detective K., Captain V. and Sergeant A. of the 78th Precinct; and of NYPD Officer J. from the PBBS Unit; 3) EMS/FDNY records for arresting officer and her partner's (i.e. CAD Printouts, Prehospital Care Report, full name and contact information for EMT unit 32F; 4) aided card for injured officers; 5) Line of Injury Report for injured officers, NYPD officer A.V.G. and J. S.; 6) updated and unredacted CCRB allegation history reports for 11 NYPD testifying officers, A.M., E. J., V.P., , B.W., J.D., K.V., L. B., F.R., J.S., M.E., T.R., 7) NYPD IAB Disciplinary files and records for three NYPD testifying officers, T.R., A.V.G., and A.M.
People's First SCOC December 22, 2023
On December 22, 2023, the People filed and served the defense with its first SCOC, ("12/22/23 SCOC") and belatedly disclosed the following discoverable materials: 1) six photographs taken by arresting NYPD officer at the scene; 2) FDNY and EMS records for testifying NYPD Officers, A.V.G. and J.S., including CAD Printout and Prehospital Report Summaries; 3) CCRB Allegation History Report for testifying NYPD Officer L.B.; and 4) underlying disciplinary records for testifying NYPD Officers T.R. and A.V.G. 
On December 22, 2023, the People emailed the defense and stated that documents had been requested and were still outstanding.
The People did not disclose numerous underlying records mentioned in Summary Disclosure Letters as IAB logs for testifying officers by asserting that they do not exist. As to NYPD officer and testifying witness, (V. P.) the People claimed that IAB log numbers 20-4259, 20-12059, 20-12956 and 21-3182 did not exist. However, the People do not detail how they determined that the documents did not exist, what efforts they made to obtain them, or who they discussed for the requested discovery. The People's response that the records did not exist seemed incredulous given that they were in the Summary Disclosure Letter. Moreover, the People failed to submit a lost IAB records affidavit detailing the efforts that were undertaken to obtain these records. 
The People's 12/22/23 SCOC did not detail the basis for the belated disclosures in the body of the document nor in their affirmation. The People's response failed to show the effort and due diligence to obtain the discovery prior to filing the initial COC on November 22, 2023. Therefore, the People's COC will be affected.
People's Second SCOC 1/24/24
On January 24, 2024, the People served its second SCOC ("1/24/24 SCOC") belatedly disclosing email communications between defendant's employer and the People's previously assigned ADA. The People's explanation that they were not aware of the existence of written communications between prior ADAs and defendant's employer until January 22, 2024, is of no avail. The emails were in the possession of the People prior to filing their initial COC on November 22, 2023.
The People's 1/22/24 SCOC did not detail the basis for the belated disclosures in the body of the document. The People's response did not show that the People made efforts to obtain the discovery disclosed on the January 22, 2024, SCOC prior to filing the initial COC on November 22, 2023.
People's Third SCOC 1/26/24
On January 26, 2024, the People served a third SCOC disclosing the Line of Duty Injury Report for testifying NYPD Officer J.S. The People's 1/26/24 SCOC did not detail the basis for the belated disclosures in the body of the document. The People's response did not show that the People made efforts to obtain the discovery disclosed on the January 24, 2024, SCOC prior to filing the initial COC on November 22, 2023.
People's Fourth SCOC 1/29/2024
On January 29, 2024, the People served a fourth SCOC disclosing the Line of Duty Injury Report for testifying NYPD officer A.V.G.
The People's 1/29/24 SCOC did not detail the basis for the belated disclosures in the body of the document. The People's response did not show that the People made efforts to obtain the discovery disclosed on the January 24, 2024, SCOC prior to filing the initial COC on November 22, 2023.
In the instant case it is undisputed that the People failed to make a showing that they made reasonable inquiries prior to filing the initial COC on November 22, 2023. All the inquiries and due diligence outlined by the People occurred after they filed their initial COC on November 22, 2023. The People made no record that they made inquiries to ascertain and [*4]disclose a large volume of discovery prior to filing their COC on November 22, 2023. The People did not make a showing that the missing discovery disclosed through their four SCOC was either lost or destroyed or unavailable. The People further failed to explain their reason for delayed disclosures in all four SCOCs.
The instant case is not a complex case, yet there were 13 law enforcement listed as witnesses. Many of the missing discovery materials that were belatedly disclosed would have been obvious to a prosecutor exercising due diligence. For example, the failure to disclose the email communications between the ADA and defendant's employer given that three of defendant's co-workers were listed as witnesses for the people. The Line of Injury Report for injured officers was also a noticeable document that the People could have inquired about and disclosed with due diligence. 
Accordingly, the People failed to fulfill their discovery obligations or demonstrate good faith and due diligence with CPL 245.20. As a result, the People's COC/SOR was invalidated. The failure to detail the basis for the delayed discovery in a supplemental COC while filing late discovery invalidated the People's COC and rendered their SOR illusory. 
Under CPL 245.50 (1-a) a supplemental COC provides the basis of the People's late disclosure filing. More importantly, the supplemental COC permits the Court to determine whether the delayed disclosure impacted the validity of the COC. The failure to detail the basis for the delayed discovery in the supplemental COC impacts the original COC because good faith and due diligence can't be demonstrated. Thus, a failure to detail the basis for the delayed discovery in a supplemental COC while filing late discovery will invalidate the COC. In sum a failure to file a proper supplemental COC is fatal and will inevitably invalidate the COC. People v Markovtsii, 2023 NY Slip Io. 23214 (Crim. Ct., Kings County 2023) 
As the court held in People v. Bay, 2023 NY Slip Op 06407 (2023), the prosecution cannot cure their lack of due diligence by serving supplemental discovery, "[a] supplemental COC cannot compensate for a failure to exercise diligence before the initial COC is filed." The Peoples failure to file a proper supplemental COC is fatal and will inevitably invalidate the COC. People v Markovtsii, 2023 NY Slip Io. 23214 (Crim. Ct., Kings County 2023). Thus, the People's four SCOCs invalidated the COC.
SPEEDY TRIAL CALCULATION
The misdemeanor charges in the instant information require the People to be ready within 90 days of the commencement of the criminal action. (CPL § 30.30 [1] [b]). In this case the defendant action was commenced on September 5, 2023, with the filing of the misdemeanor complaint. The People filed their COR and SOR on November 22, 2023. However, the SCOC dated December 22, 2023, January 24, 2024, January 26, 2024, and January 29, 2024, belatedly disclosing discoverable materials was deemed not in good faith and due diligence. Thus, the SOR of November 22, 2023, was deemed invalid. Since the certificate of readiness and SOR were not valid, 122 chargeable days have accrued from September 5, 2023, to January 5, 2024, when the defense filed their motion. Accordingly, defendant's motion to dismiss pursuant to CPL § 30.30 [1] [b] is granted.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: March 12, 2024
Brooklyn, New York 
E N T E R:
Patrick Hayes Torres, J.C.C.