People v Philogene (2024 NY Slip Op 50836(U))

[*1]

People v Philogene

2024 NY Slip Op 50836(U)

Decided on July 1, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Luckner Philogene, Defendant

Docket No. CR-029873-23KN

Prosecution: Kings County District Attorney's Office by ADA Mikayla Leef
Defendant: The Legal Aid Society by Titus Mathai

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's Certificate of Compliance (COC) and Statement of Readiness (SOR) render them illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGS
This case commenced with the filing of the accusatory instrument on August 15, 2023. Defendant was arraigned on a felony complaint on August 16, 2023, charging PL §120.05(2), Assault in the Second Degree and related charges. On October 25, 2023, the Prosecution served and filed a Superseding Information (SSI) charging PL 120.00(1), Assault in the Third Degree, and related charges, none of which was a felony. On October 27, 2023, Defendant appeared in court and was arraigned on the SSI; the felony charges from the original complaint were dismissed. On January 16, 2024, the Prosecution served and filed a COC and SOR. On February 6, 2024, Defendant, through counsel, emailed the Prosecution a list of missing automatic discovery. On February 14, 2024, the Prosecution responded via email, addressing each of the items raised by Defendant. On February 27, 2024, Defendant filed the instant motion. On June 4, 2024, the Court conducted a fact-finding hearing to determine the existence of contested items of discovery [FN1]
; in preparation for the hearing, the Prosecution disclosed some such items to Defendant on May 21, 2024, along with a Supplemental Certificate of Compliance (SCOC).
Defendant argues that the Prosecution has failed to exercise due diligence and that their COC and SOR were filed in bad faith. Specifically, Defendant contends that the Prosecution [*2]failed to disclose the following items of discovery prior to filing their COC and SOR: a 911 call made by Defendant at 3:42am on August 7, 2023, and related records, such as the radio run and the paperwork and body-worn camera footage (BWC) of responding police officers; documents related to the complainant's criminal case, which was pending at the time the COC and SOR were filed, but has since been dismissed and sealed; the unredacted Domain Awareness System (DAS) report for the complainant; the Civilian Complaint Review Board (CCRB) allegation history for Officer Edward O'Brien; the unredacted CCRB allegation histories for Officers Michael Desposito and Mehtab Malhi; and updated Giglio disclosures for Officers Michael Burke, Carson Cheung, Mehtab Malhi, Malka Raul, Stephen Schlegelmilch, and John Sullivan.
The Prosecution argues that their COC was filed in good faith after exercising due diligence and is thus valid under CPL §245.50. They argue that they have satisfied their statutory obligation to disclose the existence of the complainant's now-dismissed case, but that they are not required to turn over the underlying documents. They argue such documents are not related to the subject matter of the case and are thus not discoverable. Moreover, they argue that they cannot disclose the underlying documents, as the case is now sealed. They argue the redactions they made to the DAS report were proper, as the information concerned does not relate to the subject matter of the case. Regarding the CCRB allegation history for Officer O'Brien and the redactions to the CCRB allegation histories for Officers Desposito and Malhi, the Prosecution argues they are not obliged to disclose the records because none of them are testifying witnesses. Regarding the Giglio disclosures, their argument is twofold: first, they argue that the disclosures are the most current in the Prosecution's possession; second, they argue that of the listed officers, only Officer Schlegelmilch is a testifying witness, so only his disclosure is required.
Regarding the 911 call and related records and information, the Prosecution initially disputed their existence in their moving papers, but Defendant produced proof of their existence from other discovery materials. The Court ordered and conducted a fact-finding hearing to resolve the dispute. Upon further inquiry to prepare for the hearing, the Prosecution discovered they had erred. Now, the Prosecution concedes the existence of the second 911 call. However, they do not concede that it is related to the subject matter of the case. They argue that the information contained in the call is insufficient to establish that it is indeed related, as the caller does not identify himself and merely gives a location. Defendant points out that it is his own phone number from which the call was made, and that the fact that the police investigating the allegations included it in their reports evinces their belief that it was related to the case.
The Prosecution disclosed the call itself and related paperwork but contend that they do not have any information about the officers who responded to the call; they argue that because the call has not been shown to relate to the subject matter of the case, they need not ascertain information about the officers. The Prosecution asserts that they investigated the existence of the second 911 call and received erroneous information from the New York City Police Department (NYPD) upon which they relied. They argue that their reliance on the NYPD was reasonable under the circumstances and does not vitiate their due diligence. 

 RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the [*3]case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days of the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz).

 ANALYSIS
911 Call and Related Records
Following the hearing, the Court finds that the 911 call and related records in question are subject to automatic discovery (CPL §245.20[1][g]). Despite the Prosecution's contention otherwise, the call is related to the subject matter of the case, as it was made by Defendant around the time of the alleged incidents giving rise to this case. Moreover, police investigating the matter understood it to be related to the subject matter of the case, as evinced by its inclusion in subsequent records. Likewise, information about the officers who responded to the 911 call, including their BWC and memo books are subject to automatic discovery (CPL §§ 245.20[1][a], [d], [e], [g], [k]). That leaves the question of whether this omission renders the COC invalid. The [*4]Court holds that it does not.
The Court finds that the Prosecution acted in good faith despite their failure to turn over the second 911 call and related paperwork prior to filing their COC. At the hearing, the Prosecution established that they made meaningful efforts to ascertain the existence of the call and related records. They had no way of vetting the information they received, so their reliance on it was reasonable under the circumstances. By the same token, although the call was referenced in some police documents, its existence was not obvious to the Prosecution, as the NYPD told them no such call existed when they sought it out. Confronted with proof of their mistake, the Prosecution disclosed the call and related records on the same day they obtained them along with a SCOC. CPL §245.20 does not demand perfection, but rather due diligence and good faith, which the Prosecution has demonstrated here (People v Bay, 41 NY3d 200 [2023]; People v Cooperman, 225 AD3d 1216 [2024]).
Under the circumstances, the Court finds that preclusion of the 911 call and related records is the appropriate remedy (CPL §245.80).
Records Related to the Complainant's Criminal Matter
The underlying records related to the complainant's now-dismissed criminal case are not subject to automatic discovery. The Court agrees with the Prosecution's interpretation of CPL §245.20(1)(q), which mandates disclosure of "the existence of any pending criminal action against all persons designated as potential prosecution witnesses." Absent a showing that the case is related to the subject matter of this case, the statute does not demand disclosure beyond the existence of the criminal action.
The Court similarly finds that CPL §245.20(1)(k)(iv), which requires disclosure of materials that tend to impeach the credibility of a testifying witness, does not render the materials discoverable. The case and associated records at issue relate to a dismissed and sealed case charging assault. The complainant is legally innocent of the charges contained therein. Moreover, assault is not crimen falsi such that the charge implies deceitfulness. Under the circumstances, the underlying records do not constitute impeachment materials. The Court cautions that this is not a blanket rule and the relevance of documents underlying a witness's criminal case must be considered on a case-by-case basis.
Unredacted DAS Report
CPL §245.20(5) permits a party to withhold portions of a document if, in his or her judgment, good cause exists for doing so. The Prosecution argues that they redact DAS reports to protect the privacy of individuals in general but fails to make specific arguments about the complainant's privacy in this instance. This one-size-fits-all argument is fundamentally flawed, but the underlying reasoning, if actually applied to this individual's DAS report, may constitute good cause. The Prosecution's explanation of DAS reports, while illuminating on the system at large, does not address whether they conducted an individualized relevance analysis of the DAS report for the complainant collected in this case. They merely conclude that the information contained therein does not relate to the subject matter of the case and is not discoverable. If the police used DAS as investigatory tool to gather information about the complainant, there is a rebuttable presumption that such a search is automatically discoverable (CPL §§ 245.20[1][e], [k], [p], [q], 245.20[7]). Should the Prosecution wish to refute its discoverability, they must offer [*5]some explanation about the information contained therein beyond conclusory statements. Information in the DAS reports that is unrelated to the specific charges in a criminal action may still bear on a witness's credibility or carry some other equally important but indirect weight. In the absence of any specific information, the Court must conclude that the DAS report for the complainant is related to the subject matter of the case and thus automatically discoverable (CPL §§ 245.20[1][e], 245.20[1][k]; People v Sylvestre, 81 Misc 3d 1051, 1059 [2023]; People v Lustig, 68 Misc 3d 234 [2020]). In short, it is not up to the Prosecution to unilaterally decide what is relevant and discoverable (Sylvestre at 1059; People v Kennedy, 79 Misc 3d 973 [2023]).
However, the Court declines to invalidate the COC on this ground. The discovery provisions of CPL §245.20 do not impose a strict liability standard for prosecutors (People v Bay, 41 NY3d 200 [2023]). First, the Court notes the lack of decisive appellate authority requiring disclosure of DAS reports. Second, the Court acknowledges the Prosecution's substantial efforts to meet their obligations. For instance, during the hearing about the second 911 call, the Prosecution detailed their efforts to find the missing information, which include making multiple requests to the NYPD, requesting that the NYPD employ specific search criteria, and escalating the issue to a supervisor when they continued to receive dubious responses. In total, the Prosecution has disclosed seven BWC video files, seventeen DD5s with thirty-two attachments, sixteen pages of arrest paperwork, five other NYPD documents, and twenty-six Giglio and CCRB reports. Taken together, their efforts amount to due diligence and this omission is insufficient to render the COC illusory (People v Bay, 41 NY3d 200 [2023]; People v Cooperman, 225 AD3d 1216 [2024]; People v Lustig, 68 Misc 3d at 247). The Prosecution is ordered to disclose an unredacted copy of the DAS report within fifteen days.
With that said, the Court puts the Prosecution on notice: their opinions about what is related to the subject matter of the case are of no consequence in the absence of a cogent argument supporting their position. Generalized copy-and-pasted motions are baldly insufficient and carry no weight.
CCRB Allegation History for Officer Edward O'Brien and Unredacted CCRB Allegation Histories for Officers Michael Desposito and Mehtab Malhi
The Court finds that the CCRB allegation histories in question are not subject to automatic discovery. Because none of these officers is a testifying witness, CCRB allegation histories for them is not required by CPL §245.20(1)(k)(iv) (People v Cooperman, 225 AD3d 1216 [2024]). However, the Court recognizes the distinction Defendant draws in arguing that, to the extent an officer is involved in an investigation, his or her credibility may be at issue in determining a defendant's role in the alleged crime, guilt, culpability, potential defenses, or suppression of evidence. Thus, any materials that call into question an investigating officer's credibility could be subject to automatic discovery under other subsections of CPL §245.20(1)(k) (People v Peralta; 79 Misc 3d 945 [2023]). However, in this vein, Defendant fails to advance anything beyond an academic argument. Defendant does not allege, for instance, that he was an innocent bystander who was arrested by unscrupulous police officers, or that evidence against him was obtained by unlawful means. As such, the Court has no specific basis upon which to find the CCRB allegation histories at issue subject to automatic discovery. Nevertheless, because CPL §245.20(7) mandates a presumption of openness, the Prosecution is ordered to disclose CCRB allegation histories for Officers Edward O'Brien, Michael Desposito, and Mehtab Malhi that are unredacted aside from personal identifying information within fifteen days.
[*6]Updated Giglio Disclosures
The Court credits the Prosecution's assertion that the Giglio disclosures are current as of their dissemination to Defendant. If at any point during the pendency of this case the Prosecution obtains updated Giglio information for any of the officers, they are ordered to disclose it promptly (CPL §§ 245.20[1][k], [7]).
Speedy Trial
This case commenced with the filing of the felony complaint on August 15, 2023. When the misdemeanor information was filed on October 25, 2023, the speedy trial clock reset to ninety allowable days. The Prosecution filed their COC and SOR in good faith on January 16, 2024. The Prosecution is charged eighty-three days.

 CONCLUSION
Because the Prosecution has not exceeded their ninety-day speedy trial limitation, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
The constitutes the decision and order of the Court.

Footnotes

Footnote 1:The subject of the hearing was a 911 call and related records, explained in greater detail below.