People v Brown (2024 NY Slip Op 50876(U))

[*1]

People v Brown

2024 NY Slip Op 50876(U)

Decided on July 11, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Roger Brown, Defendant.

Docket No. CR-047447-23KN

Prosecution: Kings County District Attorney's Office by ADA Susana Sosa
Defendant: The Legal Aid Society by Nicole Pagan, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint on December 29, 2023, charging PL §120.00(1), Assault in the Third Degree and related charges. On March 20, 2024, the Prosecution served and filed a Superseding Information (SSI). On March 22, 2024, the Prosecution served and filed a COC and SOR, along with several items of discovery. On April 26, 2024, Defendant, through counsel, emailed the Prosecution a list of missing discovery. Defendant filed the instant motion on May 6, 2024. On May 15, 2024, the Prosecution responded to the emailed list, served additional discovery, and served and filed a Supplemental Certificate of Compliance (SCOC). The Prosecution served additional discovery and served and filed corresponding SCOCs on May 29, 2024, June 12, 2024, and June 26, 2024. The Prosecution served amended discovery on May 31, 2024, indicating two additional civilian witnesses not previously disclosed.
Defendant argues the Prosecution's failure to disclose the following items prior to filing their COC renders it invalid: Ambulance Call Reports (ACR) for Defendant and the complainant; medical records from the complainant's hospital visit following the alleged incident; activity log for Officer David Mordarski; complete activity logs for Officers Goldy Felix and Brianna Dominguez; a photograph of Defendant's injuries; expert witness materials including identity, business address, Curriculum Vitae (CV), list of publications, reports prepared for the case or a written statement of facts and opinions, and a summary of the grounds [*2]for the expert's opinions; unredacted police disciplinary records for Officers Dominguez and Gissette Fernandez; disciplinary records for Officers Felix, Kevin Flash, Michelle Sambucini, Kerwin Adames, David Modarski, Felix Melendez, Jair Flores, Nicholas Dellavecchia, and Lieutenant Guy Louisjean; finalized Aided Reports for Defendant and the complainant; contact information and any pending criminal actions against civilian witness Margarita Nisanova; identity and contact information for a third-party 911 caller, or notice that it is being withheld; I-Card for the complainant that was active at the time of this alleged incident; handwritten Aided Reports for Defendant and the complainant; updated Civilian Complaint Review Board (CCRB) Allegation Histories for Officer Fernandez, as the one disclosed is dated October 13, 2020; Internal Affairs Bureau (IAB) Log and full case file for "Disclosure #1" on disclosure letter for Officer Fernandez; IAB Logs and case files for CCRB allegations against Officer Fernandez; "device" audit trails for all body-worn camera footage (BWC); Roll Call Log; Command Log; Interrupted Patrol Log; Prisoner Holding Pen Roster; Pre-Arraignment Notification Form; New York Police Department (NYPD) Online Prisoner Arraignment Database; and Arraignment Card.
Defendant also points out that the names of two additional civilian witnesses were disclosed for the first time on May 31, 2024; Defendant also states that the Prosecution has not disclosed any recorded statements by either witness or asserted that no such statements exist.
The Prosecution argues their COC was filed in good faith and valid under CPL §245.50. They argue that they are not required to turn over ACRs or medical records as part of initial discovery but have issued subpoenas to obtain and disclose them. They contend that Officer Mordarski's activity log contains no information related to the subject matter of the case, but they turned it over with an SCOC regardless. They argue that the activity logs and Aided Reports Defendant alleges are incomplete are substantially identical to the finalized versions, but they disclosed the finalized versions at Defendant's request. The Prosecution concedes that they failed to disclose one photograph of Defendant's injuries but argue that it was the result of technological error, and they disclosed it as soon as they obtained it. The Prosecution asserts that they have not selected an expert witness; rather, they have merely preserved their right to call one if the need arises and will provide any such materials before trial. The Prosecution argues that their redactions to disciplinary records were proper, as they only covered personal identifying information. They argue they are not required to disclose disciplinary records for non-testifying witnesses.[FN1]
 They clarifies that Margarita Nisanova is not a witness to this case and her inclusion was erroneous. The Prosecution argues that the third-party 911 caller is an intimate partner of Defendant whose name and phone number appear in both the call itself and the event chronology disclosed to Defendant. The Prosecution further argues that during the call, the person states that she is with Defendant in his apartment, proof that her identity is known to Defendant. The Prosecution states that neither the I-Card for the complainant nor handwritten Aided Reports for Defendant and the complainant exist. They argue the CCRB Allegation History for Officer Fernandez was the most up to date in their possession at the time they turned it over, but they have since obtained and disclosed an updated version with a SCOC. They assert that they have turned over the IAB Log for "Disclosure #1" for Officer Fernandez, although they [*3]argue nothing therein relates to the subject matter of the case. As for the IAB Logs and case files for the CCRB allegations against Officer Dominguez, the Prosecution argues they are not required to obtain and disclose them because they are not in their possession or control and CCRB is a civilian agency from which Defendant may request materials. The Prosecution asserts that they have turned over all impeachment materials known to them for Officers Dominguez and Fernandez. The Prosecution argues they have already disclosed all the relevant information contained in the audit trails with other discovery and what remains does not relate to the subject matter of the case, particularly as Defendant has failed to advance an argument related to the devices' operability. In general, the Prosecution argues that audit trails are not subject to automatic discovery. They argue that the Interrupted Patrol Log, Roll Call Log, and Command Log do not contain any information related to the subject matter of the case. At Defendant's request, they obtained and disclosed the Interrupted Patrol Log and Command Log but were unable to access the Roll Call Log. The Prosecution explains that the Prisoner Holding Pen Roster, Pre-Arraignment Notification Form, NYPD Online Prisoner Arraignment Database, and Arraignment Card do not contain any information related to the subject matter of the case. Finally, the Prosecution argues they exercised due diligence in obtaining and providing as much discovery as possible to Defendant after receiving the discovery conferral email on April 26. They further assert that the case was originally arraigned as a cross-complaint, but after investigating, they determined only the case against Defendant should stand; the complainant did not decide she wanted to pursue the case until March 20. The Prosecution argues they worked diligently to meet their deadline in the face of a complicated situation.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of [*4]compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

 ANALYSIS
The key question before the Court is whether the Prosecution filed their COC in good faith after exercising due diligence. Although the parties dispute several items of discovery, the Court need only address those that answer this question. The Court finds that the disclosure of two civilian witnesses on May 31, 2024, plainly evinces a lack of due diligence.
Information for any civilian witnesses, including their names, contact information, and any recorded statements they have made is subject to automatic discovery (CPL §245.20[1][c]). The prosecution is required to provide initial discovery within thirty-five days in cases such as this, where the defendant is at liberty (CPL §245.10[1][a][ii]). At the very least, the prosecution is required to serve all automatic discovery prior to filing a COC, or else provide some reasonable basis for the delay (CPL §§ 245.50[1]; 30.30[5]). Absent a finding of special circumstances, the prosecution cannot be deemed ready for trial before properly certifying compliance with their discovery obligations (CPL §245.50[3]).
The Prosecution has offered no explanation for not turning over the names of these witnesses until one hundred and fifty-four days after the commencement of this case, seventy days after filing the COC. They have not provided the recorded statements of these witnesses or attested that such recordings do not exist. The best explanation the Court can glean is that the complaining witness did not indicate she wanted to proceed with the case until March 20, eighty-two days after the case began. This is unequivocally not a special circumstance warranting such a delay. It is not up to a complaining witness whether the Prosecution investigates their case and fulfills their statutory obligations. Under the circumstances, this lack of diligence is dispositive (CPL §245.50[3]; People v Bay, 41 NY3d 200 [2023]). Accordingly, the remaining issues are rendered moot.
Speedy Trial
Defendant was arraigned on December 29, 2023. Because the Prosecution never made a valid SOR, the speedy trial clock ran until the instant motion was filed on May 6, 2024. The Prosecution is charged one hundred and twenty-nine days. Accordingly, Defendant's motion to dismiss pursuant to CPL §30.30 is granted.
This constitutes the decision and order of the Court.
Dated: July 11, 2024
ENTER:
Hon. Joshua Glick

Footnotes

Footnote 1:This pertains to the following police personnel: Officers Felix, Flash, Sambucini, Adames, Mordarski, Melendez, Flores, Dellavecchia, Clyne, Nuccio, and Lt. Louisjean.