People v Rodriguez (2026 NY Slip Op 50078(U))

[*1]

People v Rodriguez

2026 NY Slip Op 50078(U)

Decided on January 23, 2026

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstRafael Rodriguez, Defendant.

Docket No. CR-025774-25KN

Prosecution: Kings County District Attorney's Office by ADA Maria RamseyDefendant: The Legal Aid Society by Judith Karpatkin, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the Prosecution has exceeded their statutorily permissible time limit.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGSDefendant was arraigned on a felony complaint charging Grand Larceny in the Fourth Degree and related offenses on May 27, 2025 (PL §155.30[4]). On May 30, the parties appeared in Part AP1F, where the Prosecution moved to dismiss all felony counts and served and filed a Superseding Information (SSI) charging two counts of Criminal Contempt in the Second Degree (PL §215.50[3]). The Court rearraigned Defendant on the SSI. On August 26, the Prosecution served and filed another SSI containing the same two charges. On August 28, the Prosecution served and filed their Certificate of Compliance (COC) and Statement of Readiness (SOR). On September 4, the Prosecution served and filed a Supplemental Certificate of Compliance with additional material. The same day, the parties appeared in Part DV1, where the Court ordered them to confer about discovery. On October 16, the parties appeared in Part DV1; Defendant declined to challenge the COC, and the Court adjourned the case for hearings and trial. On December 1, the parties appeared in Part TP2. Initially, the Prosecution affirmed they were ready to proceed but later withdrew their SOR on the basis that they planned to file a motion to consolidate the case with another of Defendant's open dockets. The Court deemed them not ready and asked when they would be ready; the Prosecution said they would be ready the following day. The Court stated that they would be charged one day of speedy trial time and adjourned the case for hearings and trial. Later the same day, December 1, the Prosecution served and filed the motion to consolidate. Defendant filed the instant motion to dismiss on December 12.
Defendant argues that the Prosecution has exceeded their speedy trial limit of ninety days. First, Defendant asserts that the Prosecution filed their COC with the Court on August 29, not the day prior as they attest. This, he argues, brings the total includable time to ninety-one [*2]days. Moreover, he argues that when the Prosecution rescinded their readiness on December 1 and indicated they would instead be ready the following day, they incurred an additional day of includable time. In support of his argument, Defendant cites the appearance minutes in which the Court says the Prosecution was charged one day for their unreadiness.
The Prosecution argues that they have not exceeded their speedy trial limit. They dispute Defendant's accounting of their COC and SOR filing, asserting that it was on August 28. As to the appearance on December 1, the Prosecution argues that they should not be charged for a day because their motion to consolidate, which they filed the same day, falls within the statutory exception for motion practice carved out by CPL §30.30(4)(a). Furthermore, the Prosecution asserts that they were, in fact, ready to proceed that day and their request for one day was merely in response to the Court's demand that they offer the number of days they would need to be ready. Thus, the Prosecution argues that they have incurred exactly ninety days of includable time.

RELEVANT LAW
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
It is undisputed that this case commenced with the filing of an accusatory instrument on May 27, 2025, and that the speedy trial clock reset when the case was reduced to misdemeanors on May 30. Contrary to Defendant's assessment, the Court's internal filing system indicates that the Prosecution indeed filed their COC and SOR on August 28, as they claim. As Defendant has declined to challenge the COC and SOR, they are presumptively valid and stopped the clock at ninety days.
As for the appearance on December 1, Defendant correctly asserts that the Prosecution unequivocally withdrew their readiness based on their intention to file a motion. At the time they stated that they were not ready, they had not yet filed the motion. When the Court inquired as to when they would be ready, they said the following day. Ordinarily, this would be a simple addition of one chargeable day for the Prosecution's unreadiness.
However, they are also correct that CPL §30.30(4)(a) mandates that the Court exclude from its speedy trial calculation a reasonable period of delay resulting from pre-trial motion practice. CPL §30.30 deals in the number of days before which the Prosecution must be ready [*3]for trial; to the extent that the filing of a pre-trial motion stops the clock under subsection (4)(a), this exclusion applies to the calendar day on which the motion was filed (see General Construction Law §19). Thus, the Prosecution stopped the speedy trial clock on December 1 by filing their motion to consolidate this case with another docket. The total includable speedy trial time remains at ninety days.

CONCLUSION
Because the Prosecution has not accrued more than ninety days of includable speedy trial time, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: January 23, 2026Brooklyn, New YorkHon. Joshua Glick, JCC